MONEY CORPORATION *v.* DRAGGOO.

1. BANKRUPTCY—DISCHARGE—AUTOMOBILES—FLOOR PLAN.
    Discharge in bankruptcy *held,* to release from liability to payee for sale of cars without payment of notes, an automobile dealer with whom cars and their certificates of title were left in his possession pursuant to floor plan arrangement whereby cars were to be security for notes and under which he could sell the cars without permission of payee.

2. SAME—DISCHARGE—PROVABLE CLAIMS—WILFUL AND MALICIOUS INJURIES TO PERSONS OR PROPERTY.
    A discharge in bankruptcy releases bankrupt from all provable claims except certain debts enumerated in statute including wilful and malicious injuries to person or property (Bankruptcy Act, § 17 [11 USCA, § 35]).

3. SAME—CONVERSION—WILFUL AND MALICIOUS INJURY TO PROPERTY.
    An act of conversion, if wilful and malicious, is an injury to property not dischargeable in bankruptcy (Bankruptcy Act, § 17 [11 USCA, § 35]).

4. SAME—DISCHARGE—WILFUL AND MALICIOUS INJURY—BURDEN OF PROOF.
    The burden of proving wilful and malicious injury is upon the one seeking to avoid the discharge in bankruptcy (Bankruptcy Act, § 17 [11 USCA, § 35]).

5. SAME—DISCHARGE—CONVERSION—AUTOMOBILES—FLOOR PLAN—
   MALICE AND WILFULNESS—EVIDENCE.

> In action by payee of note secured by floor plan arrangement under which maker had possession of cars and certificates of title therefor and power to sell without payee's consent, for sale of cars contrary to floor plan agreement, evidence *held*, insufficient to show alleged conversion was aggravated by malice and wilfulness so as not to be dischargeable in bankruptcy (Bankruptcy Act, § 17 [11 USCA, § 35]).

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 10, 1936. (Docket No. 30, Calendar No. 38,638.) Decided March 2, 1936.

Case by Money Corporation, a corporation, against Sherman G. Draggoo for conversion of two automobiles. Judgment for plaintiff. Defendant appeals. Reversed.

*Smedley & Stribley* and *Harold H. Smedley*, for plaintiff.

*Anderson & Anderson*, for defendant.

BUTZEL, J. Among the assets taken over by plaintiff Money Corporation from another loan and investment company were two notes of defendant, dated August 13, 1932. Each contained a clause stating that it was secured by an automobile fully described; that the title therein was in the payee of the note; that upon default, the payee had the right to retake the property; that "the said property shall not be removed from S. G. Draggoo in the city of Muskegon," etc. Each note was filed in the office of the city clerk of Muskegon and had annexed to it the affidavit required by 3 Comp. Laws 1929, § 13424, in order to file a chattel mortgage. Defendant retained the certificate of title. We need not decide what type of transaction this was except to state that security was its purpose.

It is conceded that, in accordance with the agreement of the parties, each automobile was left with defendant under the floor plan arrangement giving him the absolute right to sell the car described in the note without gaining the permission of the loan company, and in that event he was either to pay the note or else substitute another automobile to secure the indebtedness.   Some time prior to January 1, 1933, he sold one car in Detroit and the other in Muskegon.   He, however, did not pay the notes or give any new security.   Although, in August of 1933, plaintiff was told that both cars had been sold, it continued to accept small payments on the interest from defendant, he promising that he would pay the balance in full.   On June 8, 1934, a little more than one week after defendant had made his last payment on interest, he was adjudicated bankrupt. Plaintiff, after an unsuccessful reclamation proceeding in the bankruptcy court, brought the present suit in which it sought judgment solely for the wrongful conversion of the two cars.   Defendant contended that there was no conversion and also that he was legally discharged from liability by the bankruptcy court.   He has appealed from the judgment rendered by the trial judge in favor of plaintiff.

We shall not lay down any general rule covering what factual situations constitute conversion.   See, however, *Globe & Rutgers Fire Ins. Co. of New York* v. *Fisher,* 234 Mich. 258, and *Hopkins* v. *Grand Rapids Trust Co.,* 262 Mich. 261.   It is sufficient to hold, as we do, that defendant's discharge in bankruptcy released him from liability.   A discharge in bankruptcy releases the bankrupt from all provable claims except those set out in section 17 of the bankruptcy act.   It is plaintiff's argument that its claim

is not a dischargeable one and it invokes section 17 (2) of the bankruptcy act, 42 U. S. Stat. at large, p. 354 (11 USCA § 35), which states that the liability for wilful and malicious injuries to the person or property of another is not a debt dischargeable in bankruptcy. An act of conversion, if wilful and malicious, is an injury to property within the meaning of this provision. *Probst* v. *Jones,* 262 Mich. 678; *McIntyre* v. *Kavanaugh,* 242 U. S. 138 (37 Sup. Ct. 38); *In re Stenger,* 283 Fed. 419; *Baker* v. *Bryant Fertilizer Co.* (C. C. A.), 271 Fed. 473. Notwithstanding the many conflicting decisions brought to our attention, we shall follow the construction placed on the statute in the very recent case of *Davis* v. *Ætna Acceptance Co.,* 293 U. S. 328 (55 Sup. Ct. 151). In that case, the defendant, a retail automobile dealer, borrowed from plaintiff almost the entire cost of an automobile and upon the receipt of the car delivered to the plaintiff a promissory note, a chattel mortgage securing its payment, a bill of sale absolute in form, and a trust receipt stating that he would not sell or dispose of the car except with the written consent of plaintiff. Defendant later sold the car without procuring the written consent. There was a stipulation in the case that the sale was made without concealment and in the ordinary course of business. Defendant did not keep its promise to make a prompt remittance, but instead filed a petition in bankruptcy. The court, speaking through Mr. Justice Cardozo, said:

"But a wilful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without wilfulness or malice. * * * There may be an honest, but mistaken belief, engendered by a course of dealing,

that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a wilful and malicious one. Turning to the findings here, we see that wilfulness and malice have been unmistakably excluded. * * * The trial court made a special finding as follows: 'The court finds that the defendant in this case was not actuated by wilful, malicious or criminal intent in disposing of the car in question.' * * * The discharge will prevail as against a showing of conversion without aggravated features.''

In the instant case, although one of the automobiles was driven to and sold in Detroit contrary to the agreement set out in the note and defendant was guilty of misleading plaintiff by stating that the cars had not been sold, nevertheless defendant was given the absolute right to sell the cars without plaintiff's consent. In *Probst* v. *Jones, supra,* the plaintiff's security was sold without any authority, and the case, therefore, is not in point. The burden of proving wilful and malicious injury is upon the one seeking to avoid the discharge in bankruptcy (*Kreitlein* v. *Ferger,* 238 U. S. 21 [35 Sup. Ct. 685]; *Brown* v. *Garey,* 267 N. Y. 167 [196 N. E. 12, 98 A. L. R. 1449]; *Smith* v. *Ladrie,* 98 Vt. 429 [129 Atl. 302]). Plaintiff has failed to show that the alleged conversion, even should we hold the conversion existed, is a conversion with the aggravated feature of malice and wilfulness. *Davis* v. *Ætna Acceptance Co., supra.* Following the latest United States Supreme Court case, in its interpretation of this statute, we must hold that defendant's discharge in bankruptcy released him from plaintiff's claim.

The judgment is reversed, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.