896

### In re HADDEN.

### PERSONAL FINANCE CO. v. HADDEN.
### No. 9684.

Circuit Court of Appeals, Sixth Circuit.
June 2, 1944.

Sanford A. Headley, of Cincinnati, Ohio
(Sanford A. Headley, of Cincinnati, Ohio,
Barbour & Bassman, of Newport, Ky., and
Jackson R. Collins, of New York City, on
the brief), for appellant.

Harry K. Aurandt, of Covington, Ky.,
for appellee.

Before HICKS, SIMONS, and ALLEN,
Circuit Judges.

HICKS, Circuit Judge.

On November 10, 1942, Rufus Harold
Hadden filed a voluntary petition in bank-
ruptcy, was adjudicated a bankrupt and the
proceedings were referred to a referee. No
objections were filed to his discharge,
which was granted on September 23, 1943.

On November 25, 1942, appellant, Per-
sonal Finance Company, Inc., of Kentucky,
filed its proof of claim, which was allowed.
On January 4, 1943, appellant filed its peti-
tion in which it sought an order adjudging
that its claim was non-dischargeable under
the provisions of Sec. 17, subsection 2 of
the Bankruptcy Act, 11 U.S.C., Sec. 35,
subsec. (2). It averred that on August 28,
1940, the bankrupt obtained a loan from it
in the sum of $268 evidenced by a promis-
sory note; that as a basis for obtaining
the loan the bankrupt executed and de-
livered to appellant a statement of his finan-
cial condition, which purported to be com-
plete; that this statement listed all the bank-
rupt's debts as of August 28, 1940, in the
total amount of $96, but that the bankrupt's
schedules revealed that on the above date
he was in fact indebted in the sum of $258.-
15, exclusive of the debt due to petitioner
and the $96 indebtedness listed in the finan-
cial statement; that the schedules further
revealed that upon the date of the filing of
the bankrupt's petition the bankrupt's total
indebtedness was · $802.79. The petition
avers that by reason of the above alleged
facts the financial statement was materially
false within the meaning of Sec. 17, subsec.
(2) of the Bankruptcy Act and was made
for the purpose of obtaining the loan from
appellant and was relied upon by appellant
as a basis for the loan and if the true facts
had been stated the appellant would not
have loaned the money. The loan was se-
cured by chattel mortgage upon various
items of household and kitchen furniture
belonging to appellee, who was a laborer
and who listed no assets except his house-
hold furniture, which was set aside to him
as exempt property.

The Referee denied the petition in a
memorandum opinion. It differentiated
the case from Local Loan Co. v. Hunt, 292
U.S. 234, 54 S.Ct. 695, 697, 78 L.Ed. 1230,
93 A.L.R. 195, and decided in effect that
it was not incumbent upon the bankruptcy
court to assume jurisdiction. The District
Judge dismissed a petition to review, hence
this appeal.

We find no necessity for entering into a
detailed discussion of the question whether
under any of the provisions of the Bank-
ruptcy Act the court had actual authority
to entertain appellee's petition. We may
assume that it had under such exceptional
circumstances as were involved in Local

Loan Co. v. Hunt, supra. As pointed out in the Hunt case, Section 2 of the Bankruptcy Act, 11 U.S.C.A. § 11, invested the courts "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings." See also Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281. In the Hunt case the bankrupt had assigned a portion of his future wages as security for a loan. Under Illinois law the assignment was effective even after the bankrupt had been granted his discharge and the creditor was undertaking in a municipal court in Chicago to enforce the assignment of wages earned after the bankrupt's adjudication. However, the Supreme Court said,—"Confining our determination to the case in hand * * *, we reject the Illinois decisions as to the effect of an assignment of wages earned after bankruptcy as being destructive of the purpose and spirit of the Bankruptcy Act," and an injunction against the creditor from further prosecuting its action or attempting to enforce its claim in the local Illinois court was sustained. The Supreme Court pointed out that the basis for the injuction was the right of the bankruptcy court in equity to entertain an ancillary injunction bill which sought to secure to the bankrupt the fruits and advantages of his discharge, but the Hunt case and the case here involved in no wise parallel each other.

Our case is in all material aspects similar to Watts et al. v. Ellithorpe, 1 Cir., 135 F.2d 1, wherein the court, after differentiating the Hunt case, pointed to certain language in that opinion as follows:

"What has now been said establishes the authority of the bankruptcy court to entertain the present proceeding, determine the effect of the adjudication and order, and enjoin petitioner from its threatened interference therewith. It does not follow, however, that the court was bound to exercise its authority. And it probably would not and should not have done so except under unusual circumstances such as here exist."

■ The Ellithorpe case unequivocally held that a creditor of a bankrupt is not entitled as a matter of right to a determination, whether his debt is dischargeable, and affirmed the order of the District Court denying the creditor's petition. There are no unusual circumstances here to distinguish appellant's case from the Ellithorpe case and we find no reason to disregard

the general rule that in the interest of harmonious and efficient administration of the law we should accept the Ellithorpe case as correct.

■ Appellant was not without remedy other than that which it attempted to pursue. By virtue of Sec. 14, subsections b and c of the Bankruptcy Act, 11 U.S.C.A. § 32 subs. b, c, it might have objected to the bankrupt's discharge before it was granted and before the bankrupt's status as such became fixed before all the world; or, it might have brought suit upon its claim in an appropriate Kentucky court with an opportunity to the bankrupt to plead the discharge as a bar to the action. See In re Devereaux, 2 Cir., 76 F.2d 522. We think that there was no abuse of judicial discretion in the order of the District Court denying appellant's petition to review the order of the Referee.

Affirmed.