### CIAVARELLA v. SALITURI.

#### No. 183.

Circuit Court of Appeals, Second Circuit.

Jan. 28, 1946.

344

Maxim Ingber, of Corona, N. Y. (Henry E. Coleman, of New York City, of counsel), for appellant.

Joseph H. Gellman, of Corona, N. Y., for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

▊ The court below had jurisdiction to vacate the stays and properly exercised it. The only question is as to that part of its order adjudicating that the creditor's claim was not discharged.

▊ Before Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, it had been held and it was generally believed that in no circumstances could the bankruptcy court have jurisdiction to determine whether a claim had been discharged.[1] In this Circuit and elsewhere, Local Loan v. Hunt has been interpreted to mean that that ancillary jurisdiction is exceedingly narrow, to be exercised only "under unusual circumstances." In Greenfield v. Tuccillo, 2 Cir., 129 F.2d 854, 857, we said that such jurisdiction is non-existent "except * * * where special embarrassment arises." See In re Deveraux, 2 Cir., 76 F.2d 522, 523; Watts v. Ellithorpe, 1 Cir., 135 F.2d 1, 3; Glenn, Effect of Discharge in Bankruptcy: Ancillary Jurisdiction of Federal Court, 30 Va.L.Rev. 531 (1944); 1 Collier, Bankruptcy, 14th Ed., 1657–1660 and 1944 Cum. Supp. 214–218. As here no "special embarrassment" existed, it may be said that jurisdiction was lacking.

▊ We reach the same result if we say that jurisdiction exists but that there is a policy, absent "special embarrassment," of refusing to exercise it, i. e., of referring to the State Court the determination of the effect of the discharge.[2] For the consequences of that kind of policy can no more be waived by the parties than lack of jurisdiction. See Spector Motor Co. v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152 where the record plainly showed that both the State and the taxpayer desired to have the case decided on the merits by the Federal Court.

Except as to the vacation of the stay, the order is reversed.

---

[1] See Glenn, Effect of Discharge in Bankruptcy: Ancillary Jurisdiction of Federal Court, 30 Va.L.Rev. 531 (1944).

[2] This approach seems preferable here, since it does not require us to decide whether a decision of this issue by the bankruptcy court would be subject to collateral attack.