MASSACHUSETTS BONDING AND INSURANCE COMPANY *vs.* JOSEPH W. LINEBERRY.

Plymouth. October 10, 1946. — December 3, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Bankruptcy*, Discharge. *Conversion. Evidence*, Presumptions and burden of proof.

Evidence merely that an employee of a corporation in the course of business collected freight charges for its account and from time to time made remittances to it by check, that some of his checks were dishonored for insufficient funds, and that he "owed" the corporation and was "indebted" to it for freight charges so collected by him, did not warrant a finding that, if there was a conversion of the corporation's property and therefore an injury to its property within the bankruptcy act, U.S.C. (1940 ed.) Title 11, § 35, such injury was "willful and malicious"; and the corporation's claim against the employee was barred by a discharge in bankruptcy obtained by him.

The burden is on a plaintiff, averring a claim founded on a conversion and seeking to avoid the bar of a discharge of the defendant in bankruptcy, to establish that the conversion was "willful and malicious" within U. S. C. (1940 ed.) Title 11, § 35.

CONTRACT. Writ in the Second District Court of Plymouth dated March 28, 1944.

The case was heard by *Shea*, J.

In this court the case was submitted on briefs.

*R. F. Roach*, for the plaintiff.

*S. Abrams*, for the defendant.

WILKINS, J. In this action of contract the declaration alleges that the defendant, a collector in the employ of Spector Motor Service, Inc. (hereinafter called the company), received funds of the company, and "wrongfully and

wilfully converted same to his own use and refused to account for same"; that "due to a suretyship agreement and because of the defendant's wilful conversion of the said funds the plaintiff was caused to pay to" the company $1,000; and that "the defendant owes the plaintiff" this sum with interest. The answer, in addition to a general denial, alleges that the defendant has been discharged in bankruptcy and that the plaintiff's "claim" had been released. The trial judge denied certain requests for rulings presented by the defendant, and found for the plaintiff. The Appellate Division dismissed the report, and the defendant appealed.

The trial judge found that the plaintiff at the defendant's request executed a bond in which the defendant was principal, the plaintiff surety, and the company obligee; "that the defendant received as collector certain funds of the obligee which he converted to his own use"; that as a result the plaintiff was obliged to pay the obligee $1,000, one payment of $690.20 being made on November 16, 1942, and another of $309.80 on July 8, 1943; and that the defendant was adjudicated a bankrupt on February 9, 1943, and was discharged in bankruptcy on March 7, 1944. The trial judge stated, "I find that the claim of the plaintiff was in the excepted class under the United States bankruptcy act, as amended, 'for liabilities for . . . wilful and malicious injuries to the person or property of another.'"

The question for decision is whether the action is barred by § 17a (2) of the bankruptcy act.[1] The governing principles are stated in *Davis* v. *Aetna Acceptance Co.* 293 U. S. 328, 332, as follows: "There is no doubt that an act of conversion, if wilful and malicious, is an injury to property within the scope of this exception. Such a case was *McIntyre* v. *Kavanaugh*, 242 U. S. 138, where the wrong was unexcused and wanton. But a wilful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion

---

[1] "A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . . (2) are liabilities . . . for willful and malicious injuries to the . . . property of another." U. S. C. (1940 ed.) Title 11, § 35.

which is innocent or technical, an unauthorized assumption of dominion without wilfulness or malice. . .. [citing cases] There may be an honest, but mistaken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a wilful and malicious one." To the same effect see *Probst* v. *Jones*, 262 Mich. 678, 680; *Money Corp.* v. *Draggoo*, 274 Mich. 527; *Continental Live Stock Co.* v. *King*, 283 Mich. 495; *Damato* v. *Ambrose*, 122 N. J. L. 539, 544; *Wood* v. *Fisk*, 215 N. Y. 233; *Brown* v. *Garey*, 267 N. Y. 167, certiorari denied 296 U. S. 615. 1 Collier on Bankruptcy (14th ed.) § 17.17. Remington on Bankruptcy (5th ed.) § 3552. 98 Am. L. R. 1454. See *McChristal* v. *Clisbee*, 190 Mass. 120; *Clair* v. *Colmes*, 245 Mass. 281.

The report purports to contain all the evidence material to the questions reported. That evidence so far as it relates to the subject of conversion is extremely meager. It appeared that the defendant had been engaged in business "as the Worcester Freight Transfer"; that he was "in the employ of the" company; that in the course of business he collected freight charges for the account of the company, and from time to time remitted some of the moneys collected; that he made and delivered to the company checks payable to the company "representing moneys collected and owed by the defendant" to the company; that among such checks were three dated May 2, 4, and 13, 1942, in the respective sums of $54.76, $292.71, and $342.73, which were dishonored for insufficient funds when presented for payment; and that the defendant was "indebted" to the company for freight charges collected by him for its account. On this evidence it would seem that a finding that there had been a conversion could not rightly be made. The fact that the moneys were "owed" by the defendant, who was "indebted" to the company, would seem to show that the relation of debtor and creditor existed, and that the defendant had authority to mingle the sums collected with his own funds. This could have been by express agreement or by implication from the course of dealings between the company and the defendant. In these circumstances the mere

refusal or failure to pay the money to the company would not constitute a conversion. *Bassett* v. *Bassett,* 112 Mass. 99, 100.

But assuming that there was a conversion, there is nothing upon which to base a further necessary finding that the conversion was wilful and malicious. The discharge in bankruptcy being admitted, the burden was then cast upon the creditor to show by evidence that the conversion was wilful and malicious and was excepted from the operation of the discharge. *Kreitlein* v. *Ferger,* 238 U. S. 21, 26. *Smith* v. *Hill,* 232 Mass. 188, 194–195, affirmed sub nomine *Hill* v. *Smith,* 260 U. S. 592, 594–595. *Probst* v. *Jones,* 262 Mich. 678, 680. *Money Corp.* v. *Draggoo,* 274 Mich. 527. *Continental Live Stock Co.* v. *King,* 283 Mich. 495. *Guindon* v. *Brusky,* 142 Minn. 86, 89. *Freedman* v. *Cooper,* 126 N. J. L. 177, 179. *Wood* v. *Fisk,* 215 N. Y. 233. *Brown* v. *Garey,* 267 N. Y. 167, 171. *Smith* v. *Ladrie,* 98 Vt. 429, 431. 1 Collier on Bankruptcy (14th ed.) 1638–1639. Remington on Bankruptcy (5th ed.) § 3535. This the plaintiff did not do. We are of opinion that the evidence did not warrant a finding that the cause of action was not released by the discharge in bankruptcy. There was error in the denial of the defendant's requests numbered 1, 4, and 5.[1]

We have not found it necessary to consider questions arising out of the fact that this is an action of contract by an indemnity company rather than an action of tort by Spector Motor Service, Inc. See *American Surety Co.* v. *McKiearnan,* 304 Mich. 322; *American Surety Co.* v. *Koff,* 268 App. Div. (N. Y.) 1055; *National Surety Co.* v. *Lanza,* 42 N. Y. Sup. (2d) 370. Compare *Maryland Casualty Co.* v. *Beleznay,* 245 Wis. 390.

> *Order dismissing report reversed.*
> *Judgment for the defendant.*

---

[1] "1. The evidence does not warrant a finding for the plaintiff." "4. This cause of action is one that is dischargeable in bankruptcy." "5. The discharge in bankruptcy secured by the defendant is a complete bar to the plaintiff's recovery in this action."