HOWARD P. ORRILL *vs.* DISTRICT COURT OF NEWTON.

Middlesex.    November 4, 1948. — March 3, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Bankruptcy*, Discharge.    *Conversion.*

The defendant in a judgment based on a declaration alleging merely
"wrongful conversion" by him of "funds belonging to his employer"
was released from the debt of the judgment by a discharge in bank-
ruptcy under § 17a (2) of the national bankruptcy act.

PETITION, filed in the Superior Court on March 15, 1948,
for a writ of certiorari.

The case was heard on the petition and return by *Dowd, J.*

*L. E. Conn,* for the petitioner.

*A. E. LoPresti,* Assistant Attorney General, for the
respondent.

WILKINS, J.    The petitioner appeals from a judgment of
the Superior Court dismissing his petition for a writ of
certiorari against the District Court of Newton.    It appears
from the District Court judge's return that the Globe In-
demnity Company, a judgment creditor, commenced sup-
plementary process proceedings against the petitioner, a
judgment debtor, upon an execution issued by the District
Court in an action of tort "for the wrongful conversion by
the petitioner of funds belonging to his employer, the
Somerville National Bank"; and that the claim had been
assigned by the bank to the indemnity company, which
obtained the judgment.    The return contains no copy of the
declaration nor further description of the cause of action.

The petitioner moved to dismiss the supplementary
process proceedings on the ground that he had been released
from the debt of the judgment by his discharge in bank-
ruptcy upon a voluntary petition listing this debt.    The
District Court judge denied the motion, ruling (1) that the

discharge did not release the petitioner from the debt, and (2) that the act of conversion set out in the declaration was a wilful and malicious injury to the property of another within § 17a (2) of the bankruptcy act.[1] The first ruling was not expressly based on the declaration, but was obviously the legal consequence of the second ruling, which was based entirely on the declaration.

There was error in the second ruling. It could not be inferred from a mere allegation that the conversion was wrongful that it was also wilful and malicious. This question has been recently considered by us with full citation of authorities in *Massachusetts Bonding & Ins. Co.* v. *Lineberry*, 320 Mass. 510.

*Judgment reversed.*