**CSATARI et al. v. GENERAL FINANCE CORPORATION.**

No. 10774.

United States Court of Appeals
Sixth Circuit.

April 11, 1949.

Hugh K. Davidson, of Detroit, Mich. (Davidson & Theut, of Detroit, Mich., on the brief), for appellants.

William F. Schwemler, of Detroit, Mich. (William F. Schwemler, of Detroit, Mich., on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellants, Joseph Csatari and Louis J. Dombe, Jr., doing business as Dombe Motor Sales, appeal from an order of the District Court dismissing their complaint, which sought an injunction restraining the appellee, General Finance Corporation, from enforcing judgments recovered against them in the Common Pleas Court of Detroit prior to their adjudication and discharge in bankruptcy.

The appellants, who were engaged in the used car sales business, operated under a financing arrangement with the appellee known as "floor plan financing," under which the appellee advanced funds to the appellants for which the appellants executed their notes secured by chattel mortgages against the automobiles. The mortgage provided that the mortgagor would not sell or remove the mortgaged property from the mortgagor's place of business without first obtaining a discharge of the mortgage. The accepted practice, however, was for the appellants, upon making a sale, to deliver the car to the purchaser and immediately discharge the lien indebtedness out of the proceeds of the sale. Following failure of the appellants in several instances to pay off the lien indebtedness after a sale, the appellee instituted actions in the Common Pleas Court for the City of Detroit and on November 6, 1947 recovered six default judgments against the appellants totaling $4,981. The complaints contained the allegation that the appellants "did * * * with wilful and wanton disregard of Plaintiff's rights, convert, misappropriate and defraud Plaintiff by using the proceeds of the said sale to their own use and the damage and loss of your Plaintiff." Appellants' motions to set aside the default judgments were overruled, from which rulings no appeals were taken.

On November 14, 1947, appellants filed their petitions in bankruptcy and were duly adjudicated bankrupts. On applictions for discharge appellee filed objections and also petitioned the Referee to find that its judgments were not discharged. On February 8, 1948, the Referee entered an order denying appellee's petition "but without prejudice to any other proceeding to be taken in any Court of competent jurisdiction." Appellee then moved in the Court of Common Pleas where the judgments had been recovered for a determination of whether the six judgments were discharged by the bankruptcy proceedings, contending they were not discharged because they were recovered in actions based on the willful disregard of its rights as mortgagee, and were within the provisions of § 17, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2), exempting from discharge "liabilities for obtaining money or property by false * * * representations, or for willful and malicious injuries to the * * * property of another." After hearing arguments of counsel for both parties, the Judge of that Court on March 8, 1948 entered an order that the judgments were not barred by the discharge. It was also ordered that

writs of execution against the bodies of the bankrupts be issued. The appellants took no further proceedings in the state courts.

On March 18, 1948, the bankrupts filed the present action in the District Court, praying that the appellee be perpetually enjoined from assigning or attempting to enforce the judgments, and that the Court adjudicate said discharge in bankruptcy to have discharged any obligations under said judgments. The appellee filed an answer and motion to dismiss, setting up the City Court judgments of March 8, 1948, ruling that the judgments were not barred by the discharge in bankruptcy. On June 23, 1948, the District Court entered an order denying the injunction and dismissing the complaint from which the present appeal was taken.

■ It is now settled that ancillary jurisdiction exists in the bankruptcy court to protect and carry out its judgment by enjoining a creditor from proceeding in a state court on a claim discharged in bankruptcy. Local Loan Co. v. Hunt, 292 U. S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Pepper v. Litton, 308 U.S. 295, 60 S. Ct. 238, 84 L.Ed. 281. But as stated in the Local Loan Company case, "It does not follow, however, that the court was bound to exercise its authority. And it probably would not and should not have done so except under unusual circumstances such as here exist." [292 U.S. 234, 54 S.Ct. 698.] In that case the Court exercised its jurisdiction because in its opinion the legal remedy available to the bankrupt was inadequate to meet the requirements of justice. The jurisdiction to so act was recognized by this Court in Re Hadden, 142 F.2d 896, certiorari denied 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602, but was not there exercised because the Court failed to find the unusual circumstances justifying interference by a Federal Court with the orderly processes of a state court which would normally hear and decide the question. See also In re Lowe, D.C.,W.D.Ky., 36 F.Supp. 772. Other instances in which the Federal Court refused to exercise such jurisdiction are shown by In re Devereaux, 2 Cir., 76 F.2d 522, certiorari denied Devereaux v. Belsey, 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416; Helms v. Holmes, 4 Cir., 129 F.2d 263, 141 A.L.R. 1367; Watts v. Ellithorpe, 1 Cir., 135 F.2d 1; In re Innis, 7 Cir., 140 F.2d 479; and Ciavarella v. Salituri, 2 Cir., 153 F.2d 343. Instances in which the jurisdiction was exercised are shown by Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F. 2d 856, 77 A.L.R. 956; Holmes v. Rowe, 9 Cir., 97 F.2d 537; Davison-Paxon Co. v. Caldwell, 5 Cir., 115 F.2d 189, certiorari denied 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523, and In re Tillery, D.C.N.D.Ga., 16 F. Supp. 877. See Annotation 141 A.L.R. 1380.

■ We agree with the ruling of the District Judge that the ancillary jurisdiction of the bankruptcy court should not be exercised in this case. It is the settled policy of the Federal Courts not to interfere with the normal functioning of the state courts in matters in which they have jurisdiction. 28 U.S.C.A. § 2283, Act of June 25, 1948; Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 37 A.L.R. 967; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138. We see no unusual circumstances justifying a departure from this rule in the present case. The law of Michigan seems settled favorably to the appellants' contention. Money Corp. v. Draggoo, 274 Mich. 527, 265 N.W. 452. See also Davis v. Aetna Acceptance Co., 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393. Although the pleadings in the cases in which the default judgments were rendered charge willful and malicious conduct on the part of the appellants, such allegations are not binding upon the court and the Appellate Court in Michigan would examine the entire record to determine the true nature of the acts upon which the judgments were based. Tudryck v. Mutch, 320 Mich. 86, 93–96, 30 N.W.2d 512; Bonnici v. Kindsvater, 275 Mich. 304, 308–311, 266 N.W. 360. This is in sharp contrast to the situation that existed in Local Loan Co. v. Hunt, supra, where the state law seemed settled unfavorably to the bankrupt. State procedure was available to the appellants to review the ruling of the City Court of which complaint is made

in the present action. No appeal was taken. Act No. 141, Michigan Public Acts of 1947, 27.825(1), M.S.A., provides for application by a bankrupt after discharge to the court in which the judgment was rendered for an order directing the judgment to be cancelled and discharged of record, with an appeal from a ruling either granting or denying the order. Appellants have not made any such application. Until some satisfactory reason is shown for not using the available state procedure, we find no reason to interfere with the state processes.

Appellants rely upon their inability to give the necessary bond for double the amount of the judgment in order to appeal from the City Court's ruling as the "unusual circumstances" referred to in Local Loan Co. v. Hunt, supra, justifying the Bankruptcy Court in issuing the requested injunction. Although the brief refers to appellants' inability to comply with this requirement, there is no showing in the record of such inability or of any attempt to comply. Apparently the requirement was met by the bankrupts in Money Corp. v. Draggoo, supra, Bonnici v. Kindsvater, supra, and Tudryck v. Mutch, supra. The requirement that a judgment debtor execute an appeal bond to secure the payment of the judgment is not unusual. The provisions of the Michigan statutes in this respect are not unreasonable. The fact that a litigant finds it difficult or impossible to comply with reasonable procedural requirements is not sufficient to dispense with the requirements. United States ex rel. v. Tyler, supra, 269 U.S. at page 19, 46 S.Ct. 1, 70 L.Ed. 138; Markuson v. Boucher, 175 U.S. 184, 185, 187, 20 S.Ct. 76, 44 L.Ed. 124.

The present case involves this feature which is not present in most of the cases where injunctions have been granted. The legal issue involved has already been decided by the state court. It is not a suit to enjoin proceedings in a pending action in which the state court has not yet ruled. As said in Re Devereaux, supra, [76 F.2d 523], where a similar situation existed: "To permit the same issue to be relitigated in the bankruptcy court, while the order of the state court remains unreversed, is contrary to the most elementary principles of res judicata and the comity which exists between federal and state courts." The application to the Federal Court for an injunction cannot be used as a substitute for an appeal in the state court.

Judgment affirmed.