**In re CONNORS.**

*No. 3895.*

United States District Court
N. D. Indiana, Hammond Division.

Oct. 6, 1950.

Muench & Muench, Chicago, Ill., for bankrupt.

Charles Levin and William J. Obermiller, Hammond, Ind., for Lincoln Loan Incorporated.

SWYGERT, District Judge.

These are the essential facts: The bankrupt and his wife executed a note and chattel mortgage on November 9, 1949, to Lincoln Loan Incorporated. On March 16, 1950, the bankrupt filed a petition in bankruptcy. The note given the Lincoln Loan Incorporated was one of the scheduled debts. On June 13, 1950, Lincoln Loan Incorporated filed a suit, in the Lake Superior Court, Lake County, Indiana, to foreclose the chattel Mortgage, both against the bankrupt and his wife. On August 11, 1950, the bankrupt was granted a discharge. On September 27, 1950, the foreclosure action was tried against both the bankrupt and his wife to which he pleaded his discharge in bankruptcy and an order was entered decreeing a foreclosure of the chattel mortgage together with attorney fees in the sum of $159.43. On the same day the bankrupt filed his petition for injunction before this court seeking to restrain and enjoin the Lincoln Loan Incorporated from collecting and enforcing this judgment for attorney fees.

The bankrupt contends that no personal judgment should have been rendered against him by the state court for attorney fees in connection with the foreclosure of the chattel mortgage. While admitting that attorney fees are a proper element of the judgment of foreclosure in that action, he says that the obligation to pay attorney fees is no different than the obligation which is the basis of the remainder of the judgment. In other words, he says that because of his discharge in bankruptcy, any judgment rendered in the foreclosure action whether for attorney fees or otherwise should have been limited so as to operate only as a judgment *in rem* against the mortgaged property.

Intwined with the determination of this contention are questions which go to the jurisdiction of the court.

Local Loan v. Hunt, 292 U.S. 234, 54 S. Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, lays down the rule under which the bankruptcy court may exercise ancillary jurisdiction to give effect to the discharge. But that rule has been given a very narrow application by the lower courts. In re Devereaux, 2 Cir., 1935, 76 F.2d 522; Ciavarella v. Salituri, 2 Cir., 1946, 153 F.2d 343, 344; Glenn, Effect of Discharge in Bankruptcy: Ancillary Jurisdiction of Federal Court, 30 Va.L.Rev. 531. In Ciavarella v. Salituri Judge Frank says: "In this Circuit and elsewhere, Local Loan v. Hunt has been interpreted to mean that that ancillary jurisdiction is exceedingly narrow, to be exercised only 'under unusual circumstances.'"

After a full consideration of the severe criterion that should be applied, it is concluded that this case does present such unusual circumstances as requires the court in its discretion to exercise its ancillary jurisdiction. Two factors influence that conclusion.

One factor is the determination reached on the merits of the case. The promise of the bankrupt to pay attorney fees has dual aspects. While the promise as an incident to a foreclosure of the mortgage may be an element of the judgment of foreclosure, it cannot be extended so as to operate as a personal debt. The promise as an inci-

dent to a suit on the note has been discharged by the bankruptcy proceeding. Thus, there can be no possible basis for a judgment *in personam* for attorney fees.

The other factor relates to the oppression to which the bankrupt is being subjected and the practical inadequacy of his remedy at law. The amount involved is so insignificant when considered with the costs of an appeal that the bankrupt in all likelihood would be compelled, if only for economic reasons, to forego an appeal. Thus, a right granted by the Bankruptcy Act, 11 U.S. C.A. § 1 et seq., is apt to be sacrificed and the purposes of that law defeated. As said by Judge Parker in Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 1931, 50 F.2d 856, 859, 77 A.L.R. 956: "In view of this purpose of the act and of the express provision that the bankrupt shall be released from all provable debts, it would be indeed a strange situation if the court vested with jurisdiction to enforce the act were without power to stay the hand of a creditor whose debt has been discharged by bankruptcy, but who nevertheless persists in harassing the bankrupt with efforts to collect it."

This memorandum is intended to embrace the special findings of fact and the conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. An order granting an injunction will be entered.