*Municipal Court of the City of Boston*

No. 480978

**SALES FINANCE CORPORATION**

v.

**EDWARD C. DIMOCK**

(April 24 — May 6, 1959)

*Present:* Adlow, C. J., Gillen & Roberts, JJ.

Case tried to *Morrissey, J.*

*Adlow, C. J.* Action of contract to recover sums due to the plaintiff under a financing arrangement with the defendant. On August 13, 1957 the defendant, desiring to finance purchases made by him from the Allied Appliance Company, gave to the Sales Finance Corporation a document purporting to authorize its officers to act as his attorney-in-fact with full power to execute "trust receipts, conditional sales contracts, or other title retention instruments" covering refrigerators, air conditioners, etc., shipped to him by the Allied Appliance Company and paid for by the Sales Finance Corporation. This authorization also included the power to execute promissory notes as evidence of obligation of the defendant to the plaintiff, and to execute any and all papers it deems necessary to effectuate title retention papers as security for loans made by it.

Acting under the authority thus given, the Sales Finance Company through its agents on December 31, 1957 executed a note in the amount of $667.92 payable to itself *and a trust receipt for the goods covered by its advance on account of the purchase.* On January 30, 1958 a similar note in the amount of $98.28 *with a trust receipt* for the goods covered by the transaction was signed by the attorney-in-fact under the above described authorization. On March 5, 1958 the defendant was adjudicated a bankrupt, and the defendant, being indebted to the plaintiff for balances due under the above transactions, scheduled the plaintiff's claim as a liability.

Subsequently, the defendant received his discharge.

In this action the plaintiff seeks to recover the balance due it. In answer the defendant pleads his discharge in bankruptcy.

On the basis of the above facts the court found for the plaintiff, and being aggrieved by the refusal of the court to rule that

(1) the claim is one that is dischargeable in bankruptcy;

(2) the discharge in bankruptcy is a bar to this action;

(3) the defendant is not a "fiduciary" within the meaning of the Bankruptcy Act.

(4) the evidence does not warrant a finding for the plaintiff,

the defendant brings this report. It is unnecessary to consider these rulings *seriatim.* Their validity is inextricably involved in a consideration of the court's ruling that there was sufficient evidence to warrant a finding for the plaintiff.

In the opinion of the court the evidence did not warrant such a finding. ▮▮▮ Under the Bankruptcy Act "a discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as are

(2) liabilities for obtaining money or property under false pretenses or false representations, or wilful or malicious injuries to the person or property of another, or

(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

11 USC, c. 3, §35, Sub. 17a (2) & (4). There is no claim that false pretense or false representations were resorted to by the defendant in these transactions. To sustain the court's rulings there must be evidence to support a finding that the defendant had either (1) caused wilful or malicious injury to the property of the plaintiff or (2) that the defendant stood in a fiduciary capacity in its dealings with the plaintiff.

There is no evidence whatever to show malice or wilfulness on the part of the defendant in its dealings with the plaintiff. It has been held that "wilful and malicious injuries" within the contemplation of the bankruptcy act relate generally to torts and not to breaches of contract. *Clair v. Colmes,* 245 Mass. 281, 285; *McChristal v. Clisbee,* 190 Mass. 120.

The mere fact that the defendant failed to account for these funds will not constitute his conduct wilful or malicious. *Orrill v. District Court of Newton,* 324 Mass. 8, 9.

It has been ruled in this Commonwealth that a mere act·of conversion, without evidence of wilfulness or malice, will not suffice to sustain a finding that the claim is not dischargeable. *Mass. Bond & Ins. Co. v. Lineberry,* 320 Mass. 510, 512-513. There is nothing in this report to indicate whether

or not the goods for which these notes and trust receipts were given were ever sold by the defendant. Nor is there any evidence to indicate whether any funds representing the purchase price of these goods ever came into the hands of the defendant. The parties have argued on the assumption that there were such funds and that the defendant failed to turn them over to the plaintiff. Whether there were such funds or not is immaterial because of the complete absence of evidence in the report to indicate a wilful and malicious diversion of the funds.

Equally unavailing to the plaintiff is the argument that the defendant was a fiduciary in his relationship with the plaintiff. There is no evidence in this report to indicate whether the plaintiff ever informed the defendant of the documents it had signed on his behalf under the authorization constituting it his attorney-in-fact. Assuming that it did, the most that the trust receipt purported to do was to vest the title in the plaintiff to the merchandise purchased from the Allied Appliance Company for the defendant. It was an expedient devised to protect the plaintiff as a creditor of the defendant, by securing the debt. Such an arrangement constitutes one an agent or a bailee. It will not make him a fiduciary within the meaning of the Bankruptcy Act. *Clair v. Colmes,* 245 Mass. 281, 285. The language of the act relating to fiduciaries has been construed to refer only to debts "created by a person who was already a fiduciary independently of the transaction

out of which the debt arose." *Cronan v. Cutting,* 104 Mass. 245. The facts in the cause under review are hardly as favorable to the creditor as those found in *Mass. Bonding & Insurance Co. v. Lineberry,* 320 Mass. 510, or in *Davis v. Aetna Acceptance Co.,* 293 U. S. 328, and yet the debts in issue in both of these causes were declared dischargeable under the Bankruptcy Act. In this cause there was no evidence to warrant a finding of "wilful and malicious conduct" or to support a finding that the defendant was a "fiduciary", and the order must be

*Finding for plaintiff to be vacated. Finding to be entered for the defendant on all counts.*

Herbert Abrams, of Boston, for the Plaintiff.
George A. Dean, of Boston, for the Defendant.