### In the Matter of Gerrit OVERKAMP, Bankrupt.

### No. 20144.

United States District Court
E. D. Virginia,
Norfolk Division.
Jan. 16, 1962.

Henry Mount, Norfolk, Va., for petitioner, Crown Finance Corp.

Howard I. Legum, Norfolk, Va., for bankrupt.

WALTER E. HOFFMAN, Chief Judge.

Specifications of objections having been filed to the discharge of said bankrupt by Crown Finance Corporation, a small loan institution, alleging that the bankrupt did, on November 4, 1960, obtain a loan of money through the medium of a false financial statement, and that said indebtedness was not dischargeable in bankruptcy, the Referee fixed a date for hearing said objections. Eight days prior to the hearing counsel for the bankrupt advised the Referee that he and the attorney for the objecting creditor had "settled the objections of Crown Finance Corporation to the discharge," and that an order permitting the withdrawal of objections had been forwarded to counsel for the objecting creditor for endorsement. At the time scheduled for the hearing on objections the foregoing order, duly endorsed, was presented to the Referee. The Referee declined to enter the order and ruled that the bankrupt was required to execute and file an affidavit stating that the settlement was voluntary and without coercion, pressure or undue influence. A continuance for a period of fifteen days was granted and counsel for the bankrupt immediately prepared and mailed to his client an affidavit. During the pendency of the bankruptcy proceedings the bankrupt, a member of the Air Force, was transferred from Norfolk to California. The bankrupt not having executed or returned the affidavit, the hearing on September 28, 1961, resulted in an appearance by counsel for the creditor and no one else. No evidence was presented as the Referee had previously advised that if the affidavit was not filed on or before September 28, 1961, an order would be entered denying the discharge as to the indebtedness due to Crown Finance Corporation. On September 29, 1961, the Referee entered an order reading in part as follows:

"It further appearing that after due notice by mail, an objection was filed on August 1, 1961, by Henry Mount, attorney on behalf of Crown Finance Corporation, objecting to the discharge of the debt set forth therein, on the grounds as set out therein, and were heard and sustained by the Court, it is

"ORDERED that said Gerrit Overkamp, bankrupt, be and he hereby is, discharged of all debts and claims, which by the Act of Congress relating to bankruptcy are made provable against his estate; except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy, and explicitly excepting from said discharge a claim filed by Crown Finance Corporation as set out in said specifications of objections filed on August 1, 1961."

By the Act of July 12, 1960, 74 Stat. 408, Congress amended § 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), to eliminate as a ground for the denial of a discharge, insofar as the non-business bankrupt is concerned, the obtaining of money or credit through false financial statements. The same Act

amends § 17, sub. a(2), 11 U.S.C.A. § 35, sub. a(2), to make clear that, although the obtaining of money or property through the issuance of a false financial statement is no longer to be a ground for denial of a discharge to a non-business bankrupt, the particular obligation incurred as a result of such a statement is to remain non-dischargeable.

■ While presumably a Referee may treat objections to the discharge of a non-business bankrupt predicated upon the giving of a false financial statement, as a petition or motion to declare the debt non-dischargeable under § 17, sub. a(2), it is abundantly clear that the giving of a false financial statement by a non-business bankrupt no longer gives rise to sustaining any specifications of objections.

■ Under normal circumstances the bankruptcy court would not specifically declare a debt non-dischargeable under § 17 of the Bankruptcy Act, 11 U.S.C.A. § 35. In the absence of exceptional circumstances, the remedy of the creditor seeking to hold a debt non-dischargeable in bankruptcy lies in another tribunal as there is a clear distinction between the right to a discharge in bankruptcy and the effect of such discharge. In re Lowe, D.C., 36 F.Supp. 772; Csatari v. General Finance Corporation, 6 Cir., 173 F.2d 798; In re Hadden, 6 Cir., 142 F.2d 896.

■ In Virginia, however, the creditor to whom a false financial statement is presented by a non-business bankrupt is without remedy in the courts of this state. Under § 6–314 of the Code of Virginia, 1950, as amended, it is provided in part:

> "No written financial statement given by any applicant for a loan, or by any borrower, to a licensee under this chapter, shall be received in evidence, or otherwise used, against such applicant, or borrower, in any proceeding to recover the indebtedness incurred in connection with which the statement was given; nor shall any such statement be used in opposition to the granting of a discharge in bankruptcy."

The statute in question, as the same applies to the use of the statement in opposition to the granting of a discharge in bankruptcy, was declared to be in derogation of the Bankruptcy Act, In re Mills, D.C., 76 F.Supp. 764, but the remainder of the statute was held to be severable and constitutional in Public Finance Corp. of Lynchburg v. Londeree, 200 Va. 607, 106 S.E.2d 760. It follows, therefore, that Virginia has, by statute, prohibited the use of any financial statement in any state court by any lender under the Small Loan Act. Clearly this presents an unusual circumstance compelling the bankruptcy court to act and declare the debt non-dischargeable in bankruptcy.

■ At the time of argument and before the Referee it was stated that the bankrupt had given a new obligation to the creditor. For these reasons, that portion of the order which makes reference to sustaining the specification of objection to the discharge was erroneous; as was the portion of the order which specifically excepts from the operation of the discharge the claim filed by Crown Finance Corporation. Presumably the old obligation existing at the time of bankruptcy has been surrendered or cancelled.

■■ This brings us to a consideration of the rule which generally precludes a bankrupt from settling or paying off the deceived creditor and thereby obviating the objection. Where the false financial statement constituted a ground for objection to the discharge—as it still does in dealing with the bankrupt engaged in business—the right to rely upon the objection is not personal to the objecting creditor, and the trustee and other creditors may rely upon the false financial statement in urging the objection subject, however, to the discretion of the court in acting upon any motion to permit the objection to be withdrawn. Since the amendments to § 14, sub. c(3) and § 17, sub. a(2), it is difficult to comprehend a situation in which the trustee and other creditors could possibly be affected by the

non-dischargeable debt incurred by a non-business bankrupt. We hold, therefore, that under normal circumstances there is no impropriety in a bankrupt paying off or settling an indebtedness which may give rise to a non-dischargeable debt which cannot form the basis for denial of the discharge. By reason of this holding, the bankrupt was not required to submit an affidavit stating that the settlement was voluntary and without coercion, pressure or undue influence.

The matter is referred to the Referee with directions to amend the order of September 29, 1961, in accordance with this opinion.