**In the Matter of Richardson Carter BELL, Bankrupt.**

**No. 20699.**

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 20, 1962.

---

James C. Page, Richmond, Va., for bankrupt.

Richard H. Catlett, Jr., Richmond, Va., for trustee.

PREYER, District Judge (on assignment).

Petition for Review of a decision by the Referee in Bankruptcy. Petitioner alleges that the bankrupt obtained a loan of money through the medium of a false financial statement, and alleges that this indebtedness was not dischargeable in bankruptcy. The Referee held that the petitioning creditor has a complete and adequate remedy in the state court and

therefore declined to assume jurisdiction of the matter. The objections filed by the petitioning creditor consequently were denied.

The petitioner contends that the bankruptcy court has exclusive jurisdiction of the matter and cannot shift its determination to the state court. We think petitioner's contention must be denied and the referee affirmed.

■ By the Act of July 12, 1960, 74 Stat. 408, Congress amended § 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), to eliminate as a ground for the denial of a discharge, insofar as the non-business bankrupt is concerned, the obtaining of money or credit through false financial statements. The same Act amends § 17, sub. a(2), 11 U.S.C.A. § 35, sub. a(2), to make clear that, although the obtaining of money or property through the issuance of a false financial statement is no longer to be a ground for denial of a discharge to a non-business bankrupt, the particular obligation incurred as a result of such a statement is to remain non-dischargeable.

For a period of some three years, the Referee in the Bankruptcy Court in the Eastern District of Virginia, Norfolk Division, has undertaken to act and declare the debt non-dischargeable in bankruptcy in cases involving the giving of a false financial statement by a non-business bankrupt to small loan corporations under § 17. The Referee assumed this jurisdiction "reluctantly" and only because a complete and adequate remedy to small loan corporations was not available under Virginia law. Virginia law, as it existed prior to July 1, 1962, prohibited the use of any financial statement in any state court by any lender under the Small Loan Act. Code of Virginia, 1950, § 6–314. The creditor to whom a false financial statement was given by a non-business bankrupt was therefore without remedy in the courts of Virginia. The Referee therefore exercised his ancillary jurisdiction, under the authority of Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, (1934), to determine the issue of dischargeability of such

claims since the bankrupt's remedy in the non-bankruptcy forum was deemed inadequate.

Section 6–134 of the Code of Virginia was amended as of July 1, 1962,[1] to eliminate the inhibiting proviso concerning the use of the financial statements in state courts. The reason for his assumption of jurisdiction having ceased, the Referee announced in the instant case that he would not undertake to act and declare such debts' non-dischargeability in this case or in similar cases in the future.

■ It seems clear that under normal circumstances the bankruptcy court would not specifically declare a debt non-dischargeable under § 17 of the Bankruptcy Act, 11 U.S.C.A. § 35. In the absence of exceptional circumstances, the remedy of the creditor seeking to hold a debt non-dischargeable in bankruptcy lies in another tribunal as there is a clear distinction between the right to a discharge in bankruptcy and the effect of such discharge. In re Lowe, 36 F.Supp. 772 (W.D.Kan.1941); Csatari v. General Finance Corporation, 6 Cir., 173 F.2d 798 (1948); In re Hadden, 6 Cir., 142 F.2d 896 (1944). Not only does the bankruptcy court not have "exclusive jurisdiction" in the instant case as petitioner contends, but there is a policy, absent unusual circumstances, of refusing to exercise jurisdiction, i. e. of referring to the state court the effect of the discharge. Ciavarella v. Salituri, 2nd Cir., 153 F.2d 343, (1946); Gathany v. Bishopp et al., 4 Cir., 177 F.2d 567 (1949). Petitioner is confusing the question of the right to a discharge (determined exclusively under the Bankruptcy Act), with the state court function of determining whether the allegedly false statement is or is not false in fact.[2]

Collier on Bankruptcy, at page 1699 of Volume 1, makes this clear:

"In recent years, various creditors —particularly personal loan companies—have endeavored to get their claims excepted from the effect of the discharge and declared non-dischargeable by the bankruptcy court. The courts have in almost every instance denied these attempts, emphasizing in several notable opinions the general rule that the bankruptcy court merely determines the right to a discharge but does not, and except in certain circumstances hereinafter mentioned should not, determine the effect thereof, which is properly adjudicated in the non-bankruptcy forum when the creditor sues on his claim and the bankrupt pleads his discharge as a defense."

It was recognized by the Referee and by his District Court that the original assumption of jurisdiction of claims such as the present one was undertaken because of unusual circumstances—namely, that the remedy in the state court was inadequate. See the opinion of Judge Hoffman In the Matter of Overkamp, D. C., 200 F.Supp. 782. Such assumption of jurisdiction, which was in the nature of equitable relief, is not a basis for the view that a creditor as a matter of right may secure an adjudication in the bankruptcy court upon the dischargeability of his claim. See Collier, supra, § 17.28.

We think the Referee properly denied the objections filed by the petitioning creditor.

---

1. This matter was set for hearing before the Referee on June 27, 1962. It was continued to July 24, 1962, and was heard on that date. Petitioner in his Petition for Review contended that the Referee's invocation of the amended Virginia statute was an invalid retroactive application of the statute. At the present hearing, petitioner waived any defense based on the grounds of retroactivity and requested a decision on the merits of the case. We think the question is a purely procedural one and therefore may be waived.

2. "The bankruptcy court is interested primarily in the speedy settlement of the bankrupt's estate, and we do not believe that the bankruptcy court should be required to stop and hear testimony on whether various creditors have debts which are not dischargeable." Watts v. Ellithorpe, 1 Cir., 135 F.2d 1 (1943).