## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Commonwealth Loan Co., Inc.

v.

Richard Francis

November 15, 1968

BY JUDGE ALEX H. SANDS, JR.

This is an action by plaintiff against defendant for $925.75 and interest upon a note dated January 17, 1967. Defendant filed a plea in bankruptcy and the sole issue in the case is whether defendant's discharge in bankruptcy had the effect of discharging this debt. Plaintiff contends that the debt was not dischargeable in bankruptcy because the loan, or rather the renewal of credit represented by the note is alleged to have been secured upon the basis of a financial statement which was false and fraudulent in contemplation of Section 17, subsection a(2) of the Bankruptcy Act.

On January 17, 1967, defendant, who had an outstanding balance in a loan with plaintiff at the time, made application to plaintiff for a renewal of credit due to his having lost his job. Upon filing the required financial statement which he prepared with the assistance of one of plaintiff's employees and signed, defendant received a loan in sufficient size exactly to cover his outstanding balance and $1.00 over, which was paid to him. A new note was executed and the old note returned to him. Shortly thereafter defendant filed a voluntary petition in bankruptcy in which were listed a number of debts outstanding at the time the plaintiff had extended to defendant the renewal of credit and which were not listed upon defendant's financial statement. These omitted debts are urged by plaintiff as defeating the plea in bankruptcy filed by defendant.

If Section 17, subsection a(2) of the Bankruptcy Act bars the discharge of a debt because the financial statement upon which the debt was incurred was false, without more, then plaintiff must recover for it is conceded by defendant that numerous debts were not listed thereon. But Section 17(a)(2) goes further than this. The false statement must have been made with intent to deceive the creditor. Section 8B, C.J.S. *Bankruptcy*, Section

573, p. 57, where is stated "A false statement made in good faith is insufficient to prevent the operation of the discharge." Although this is not spelled out in the Act itself and is not the universal rule, *Becker v. Shields*, 237 F.2d 622 (8th Cir. 1956), it is certainly the majority rule. Cf. *Feldenstein v. Radio Distributing Co.*, 323 F.2d 892 (6th Cir. 1963); *American Nat. Bank of Denver v. Rainguet*, 323 F.2d 881 (10th Cir. 1963); *In re Topper*, 229 F.2d 691 (3d Cir. 1956). Where possible, the federal courts will leave it to the state forum to determine whether the allegedly false statement is or is not false and whether or not it was made with intent to deceive. See *In re Bell*, 212 F. Supp. 300 (E.D. Va. 1962), and *Ciavarella v. Salituri*, 153 F.2d 343 (2d Cir. 1946). The Virginia Legislature felt so strongly about the use of these statements being abused by some merchants that at one time it had passed special legislation preventing the use of the statements in any litigation over a debt.

There is little doubt but that Virginia, both insofar as the feeling of its legislature and of its highest court are concerned, leans toward a liberal interpretation of the rule in favor of the debtor. Virginia, in fact, formerly had a statute (§ 6-314) which rendered such statements inadmissible in evidence in any proceeding to recover indebtedness incurred in connection with such statement. See also the case of *Finance Corp. v. Londeree*, 200 Va. 607, 615 (1959), reviewing the history of this legislation.

Proceeding then upon the assumption that not only falsity but bad faith must be shown as to such statement, let us consider the facts in the case at bar. Of the debts not listed by defendant on his financial statement, the largest, that of Midland Guardian Co., was in the sum of $10,169.58. As to this defendant says that he was told by the plaintiff's agent that since this was listed on his application for loan it was unnecessary to repeat it on the statement. As to the four bills for medical service, defendant states that it was his understanding that only debts owed of a financing nature were contemplated and this same explanation was given as to the $66.00 expense of moving his mobile home from Pennsylvania to Illinois.

The State Bank of East Moline debt of $282.00 defendant denies he owed at the time of the giving of the statement. As to the debt owed American Finance Company and Liberty Loan Company, defendant testified that he informed plaintiff's agent as to the existence of these two debts but did not have the correct balances thereon and was told by the agent to bring him the correct balances when he was able to get them and that he had never done this. Finally, as to the Chambersburg and Pryor's debts

totaling some $484.00, defendant says he had failed to give these through oversight.

As to the Midland debt ($10,169.55) defendant, as stated, said that he had listed this on the signed application which he filed with plaintiff seeking the loan and had been informed that it was for this reason, unnecessary again to list it on the statement. This furnished a test of good faith for the whole truth of this testimony depended upon whether or not the debt was shown on such application. Plaintiff produced an unsigned application which was not filled out in defendant's handwriting. It is not likely that plaintiff would have made a loan of this size here involved without a signed application. If in existence, the application should have been in plaintiff's possession, but was not produced.

The Court concludes that this signed application was, indeed, submitted to plaintiff by defendant, was in plaintiff's possession and was not produced because it would have corroborated defendant's position.

From defendant's demeanor upon the witness stand and his frank and forthright answers, the Court is convinced that he was telling the truth and accepts his testimony over that testimony of the witness Paul H. Menke in his deposition insofar as the two are in conflict, the one with the other.

It is accordingly concluded that while defendant's financial statement to plaintiff failed to include a number of defendant's then debts, and to this extent was false, yet such omissions were in good faith upon the part of defendant and that the financial statement involved was not given with intent to defraud or deceive plaintiff.

Judgment is, accordingly, being this day entered in favor of defendant, plaintiff's exceptions to the ruling of the Court being noted.