without foundation or merit, and vexatious to the last degree, but the justice who tried the case upheld them in an arbitrary and technical manner. Instead of deprecating such a course of conduct he gave every encouragement to it. If there was ever a case which needed to be tried with a purpose to see that a wrong should not be done, this is one. Instead, however, the defendant was perplexed and baffled by all sorts of technical and unfounded objections and rulings, and now finds himself with a judgment against him for a note for which he has derived no consideration. The defendant succeeded in getting some evidence into the case in the midst of all kinds of unreasonable difficulties and perplexities which would support a finding of fact that the son was the mere dummy of the father in the whole transaction, which would of course charge the latter with knowledge of each step in the transaction as it occurred.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial granted; costs to abide the event. All concur.

---

(118 App. Div. 466)

### McVEY v. SECURITY MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department. March 28, 1907.)

1. PLEADINGS—MOTION TO AMEND COMPLAINT.
    Under Code Civ. Proc. § 481, subd. 3, providing that the complaint must contain a demand of the judgment to which the plaintiff supposes himself entitled, a prayer for relief is a part of the complaint, and a motion to correct the prayer for relief is one to amend the complaint.

2. SAME—SERVING AMENDED COMPLAINT—NECESSITY.
    Where plaintiff, with his motion papers and in his notice of motion, stated fully the exact language of the prayer for equitable relief which he desired to have inserted in the complaint in the place of a prayer for a money judgment, the only purpose of the amendment being to get the case on the equity calendar for trial and to remove it from the law calendar, he was not required to serve a copy of the proposed amended complaint with his motion papers.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1007.]

Appeal from Special Term, Broome County.

Action by John McVey against the Security Mutual Life Insurance Company. From an order denying plaintiff's motion to correct the prayer for relief and to have the cause transferred to the equity calendar, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

S. Mack Smith, for appellant.
Himman, Howard & Kattell, for respondent.

CHESTER, J. The order appealed from denies the plaintiff's motion to correct the prayer for relief in his complaint and to have the cause transferred from the trial jury to the equity calendar of the court on a preliminary objection that no proposed amended complaint was served. The prayer for relief was for a money judgment only.

At the time of the commencement of the action it had been decided by this court in a similar action against this defendant that upon the facts alleged and proved the plaintiff was entitled to a money judgment. Kelly v. Security Mutual Life Insurance Co., 106 App. Div. 352, 94 N. Y. Supp. 601. Upon an appeal to the Court of Appeals it was held that upon such facts the plaintiff was entitled, if anything, to a judgment in equity only. 186 N. Y. 16, 78 N. E. 584.

The appellant contends that a motion to correct the prayer for relief is not a motion to amend the complaint, and cites authorities holding that the prayer for relief forms no part of the cause of action. But under subdivision 3 of section 481 of the Code of Civil Procedure it is provided that the complaint must contain "a demand of the judgment to which the plaintiff supposes himself entitled." So that, while the prayer for relief is no part of the cause of action, it is a part of the complaint. This motion was, therefore, one to amend the complaint. Notwithstanding this, we do not agree with the respondent's counsel that under the authorities, as applied to the facts here, the plaintiff was required to serve a copy of the proposed amended complaint with his motion papers. When a party seeks to amend his cause of action, that is a salutary rule which should be adhered to; but here the plaintiff expressly disclaims any intention or desire to amend his cause of action. The reason of the rule is that the court and the opposing party may be advised of the exact form and language of the proposed pleading as amended. The defendant has a statement of all the facts constituting the cause of action in the complaint already served and to which it has interposed its answer. The plaintiff is not seeking in any way to change this cause or the facts constituting it. With his motion papers and in his notice of motion he states fully the exact language of the prayer for equitable relief which he desires to have inserted in the complaint in the place of the prayer for a money judgment which he asks to have stricken out. The defendant, therefore, is just as fully advised of the exact terms of the entire proposed amended complaint as if one had been served with the notice of motion. The reason for the application of the rule not existing here, we think it should not have been applied; and, as the only purpose of the amendment appears to have been to get the case on the equity calendar for trial and to remove it from the law calendar, we think it should have been allowed.

The order appealed from should be reversed, with $10 costs and printing disbursements to the appellant, and the motion granted, on the payment by the plaintiff of $10 costs of the motion with leave to the defendant, in view of the demand for equitable, instead of legal, relief, to serve an amended answer, if it should be advised to that effect. All concur.