GREENBERGER v. NORTH SIDE STORAGE WAREHOUSE CO. et al.
(No. 7623.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. REPLEVIN ☞62—INJURY TO CHATTELS—PLEADING.
    In view of Code Civ. Proc. § 1722, allowing plaintiff, on recovery of a chattel, to recover damages for its injury while in defendant's possession, plaintiff, demanding damages, but whose complaint contained no allegation of any damage, could recover no damages for detention.
    [Ed. Note.—For other cases, see Replevin, Cent. Dig. § 224; Dec. Dig. ☞62.]

2. REPLEVIN ☞52—CLAIMS BY THIRD PERSON—DELIVERY OF CHATTEL—SECURITY.
    Where the holder of chattels, sued for their possession, interpleaded another claimant, the chattels should not be delivered to defendant, or the other claimant interpleaded, without proper security that they or their value would be returned to the other claimant, if he established his claim.
    [Ed. Note.—For other cases, see Replevin, Cent. Dig. § 193; Dec. Dig. ☞52.]

Appeal from Special Term, New York County.

Action by Jacob Greenberger against the North Side Storage Warehouse Company. From an order of interpleader, plaintiff appeals. Modified.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Isidor Unger, of New York City, for appellant.
J. Philip Van Kirk, of New York City, for respondent.
Wm. O'Shaughnessy, of New York City, for impleaded defendant.

PER CURIAM. An order of interpleader, in a case like the present, is expressly provided for by section 820, Code of Civil Procedure.

[1] There is no merit in the contention that the respondent Storage Company should be retained as a defendant, in order that plaintiff may assert a claim against it for damages for the detention of the chattels, because, although plaintiff demands damages, there is no al-

legation of any damages in his complaint. See section 1722, Code of Civil Procedure.

[2] We think, however, that the chattels should not be delivered to either claimant without proper security that the chattels or their value will be returned to the other claimant, if he should be successful in establishing his claim thereto.

The order appealed from must therefore be modified, by requiring Julius Cahn, before the chattels are delivered to him, to give security, to be approved as to form and amount by a justice of the Supreme Court upon two days' notice to the plaintiff or his attorney, for a return of the chattels or their value to the plaintiff in case he shall establish his right to the possession thereof. Settle order on notice.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.