MARY DORIS KETCHAM, an Infant, by CLARA F. KETCHAM, Her Guardian ad Litem, Appellant, *v.* FRED B. WILBUR, as Executor, etc., of MARY B. HAND, Deceased, Respondent.

CLARA F. KETCHAM, Appellant, *v.* FRED B. WILBUR, as Executor, etc., of MARY B. HAND, Deceased, Respondent.

Fourth Department, November 17, 1926.

**Wills — actions for breach of alleged contracts by defendants' testatrix — plaintiff, in first action, alleges agreement by testatrix, her aunt, made with foster mother of plaintiff, to leave plaintiff sufficient money for her education — second action brought by foster mother, alleges breach of agreement that if plaintiff would adopt plaintiff in first action and care for her, testatrix would devise sufficient money to compensate plaintiff — actions are at law for damages for breach of contracts and not in equity — plaintiffs have right to trial by jury under Civil Practice Act, § 425 — prayer for equitable relief does not determine character of actions.**

The complaint in the first action, which is brought to recover damages for breach of an agreement by the defendant's testatrix, alleges that the defendant's testatrix, the aunt of the plaintiff, agreed with plaintiff's foster mother to leave plaintiff enough money by will to provide for plaintiff's support and education, and in the second action brought by the foster mother of the plaintiff in the first action, the plaintiff seeks to recover damages for breach of an agreement by the testatrix, by which the testatrix agreed that if the plaintiff would adopt her grandniece, the plaintiff in the first action, she would leave the plaintiff in the second action enough money to compensate her for what she might do for the plaintiff in the first action. Both complaints allege a cause of action at law to recover damages for breach of contract, and do not set forth equitable causes of action and, therefore, the plaintiffs have the right to a trial by jury under section 425 of the Civil Practice Act, and the order of the lower court adjudging that the actions set forth were actions in equity and striking the actions from the Trial Term calendar was erroneous.

The mere fact that the demand for relief was in the form of a prayer in an equity action, does not determine the character of the actions, for whether or not the actions were at law or in equity must be determined by the facts alleged and not by the demand or prayer for relief.

APPEAL in each of the above-entitled actions by the respective plaintiffs from orders of the Supreme Court, made at the Onondaga Trial Term and entered in the office of the clerk of the county of Onondaga on the 2d day of October, 1926, adjudging that the causes of action set forth in the complaints in the above-entitled actions are equity actions and that the plaintiffs are not entitled to a jury trial, and striking said actions from the Trial Term calendar of said court and directing that they be placed on the Equity calendar.

*James E. Newell,* for the appellants.

*George H. Sears,* for the respondent.

CLARK, J.   These actions are brought to recover damages for breach of oral agreements alleged to have been made by defendant's testatrix, one with the foster mother of plaintiff in the first entitled action, to the effect that if plaintiff, her grandniece, survived her, testatrix would leave her by will, for her sole benefit and use, such sum as would be sufficient to provide liberally for her support and education, including a musical education, from the time of testatrix's death until the grandniece should arrive at full age.

The second action is brought by the foster mother to recover under an alleged agreement of testatrix with said plaintiff to the effect that if plaintiff would adopt testatrix's said grandniece and take care of her until she grew up to be a young woman of full age, testatrix would leave the foster mother by will enough to fully compensate her for what she might do for said child down to the time of her death.

The complaints allege that in pursuance of these agreements, plaintiff in the second action duly adopted the said infant and has ever since supported, maintained and educated her, but that testatrix failed to comply with the terms of said agreements and made no provision whatever in her will, either for the infant plaintiff or her foster mother as she had undertaken and agreed to do.

These complaints have in each instance been held to state facts sufficient to constitute a cause of action. (*Ketcham* v. *Wilbur,* 2 cases, 214 App. Div. 754; affd., 241 N. Y. 516.)

The allegations in the complaints show these actions to be brought for damages for the breach of the contracts referred to.   The complaints do not set forth equitable causes of action, but merely common-law causes of action, which would entitle plaintiffs to jury trials.   (Civ. Prac. Act, § 425.)

If the plaintiffs had pleaded both equitable and common-law causes of action, they would thereby waive their right to jury trials.   (*Hessler* v. *North River Ins. Co.,* 211 App. Div. 595; *Carroll* v. *Bullock,* 207 N. Y. 567.)

But they having pleaded merely single common-law causes of action for damages for breach of contract, plaintiff in each case would be entitled to a jury trial, even though in the demands for judgment they asked for both legal and equitable relief.

The prayer for relief in each case forms no part of the cause of action.   The character of the actions must be determined by the facts alleged in the complaints.   (*Hahl* v. *Sugo,* 169 N. Y. 109, 114.)

The orders should be reversed, with ten dollars costs and dis-

bursements in each case, and the causes restored to the Trial Term calendar in Onondaga county.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and case restored to Trial Term calendar.