of Insurance could not be reached or used for payment of any judgments which the plaintiffs might obtain if the stay were modified. So long as no forum exists for proof of claims except by action, I do not believe that the court has discretion to continue a stay which prevents proof of claim by the prosecution of the pending actions, so that at the appropriate time the plaintiffs, if they establish their claims, may take proceedings to secure payment out of assets still remaining in the hands of the Superintendent of Insurance. Equality between creditors is not equity unless the debtor is insolvent and its assets are made applicable to the payment of the claims of creditors according to the priority fixed by law.

The orders should be reversed and motion granted.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; LEHMAN, J., dissents in opinion, in which KELLOGG, J., concurs.

Appeal dismissed.

---

MARY D. KETCHAM, an Infant, by CLARA F. KETCHAM, Her Guardian ad Litem, Respondent, *v.* FRED B. WILBUR, as Executor of MARY B. HAND, Deceased, Appellant.

CLARA F. KETCHAM, Respondent, *v.* FRED B. WILBUR, as Executor of MARY B. HAND, Deceased, Appellant.

*Trial — actions to recover for breach of alleged contract by decedent to make certain provision for plaintiffs in her will — jury trial a matter of right.*

*Ketcham* v. *Wilbur* (2 cases), 218 App. Div. 350, affirmed.

(Argued February 21, 1927; decided March 4, 1927.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 23, 1926, which reversed an order of the court at a Trial Term striking the case from the calendar on the ground that plaintiff was not entitled to a jury trial. The actions were brought to recover for breach of alleged

oral contracts whereby defendant's testatrix agreed to make certain provisions for plaintiffs by her will.

The following question was certified in each case:

" Is the plaintiff in this action entitled as a matter of right to a jury trial of the issues of fact raised by the pleadings herein? "

*Charles E. Spencer* and *George H. Sears* for appellant.

*James E. Newell* for respondent.

Order in each case affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Claim of WILLIAM P. McKEE against CHARLES WHITE et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

*Workmen's compensation — master and servant — estoppel — election by injured workman to sue third party — dismissal of action for failure to prosecute — estopped from asserting claim for compensation.*

*Matter of McKee* v. *White,* 218 App. Div. 300, affirmed.

(Argued February 21, 1927; decided March 4, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 30, 1926, reversing an award of the State Industrial Board, made under the Workmen's Compensation Law, and dismissing the claim. Claimant on September 18, 1922, sustained injuries resulting in partial loss of use of his right hand. He was then nineteen years of age. He elected to sue a third party, which action was dismissed May 14, 1925, for failure to prosecute, whereupon claimant pressed his claim before the Industrial Board. The Appellate Division held that he was estopped from asserting claim for compensation.

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for appellant.

*William B. Davis* and *E. C. Sherwood* for respondents.