DAGOOD HOLDING CORPORATION, Appellant, *v.* ABRAHAM ROSENBLUTH, Respondent, Impleaded with RALBEN HOLDING CORPORATION and Others, Defendants.

First Department, January 30, 1931.

*Samuel Rubin* of counsel [*William W. Conrad*, attorney], for the appellant.

*David H. Slade* of counsel [*Maxwell Slade* with him on the brief; *Slade & Slade*, attorneys], for the respondent.

O'MALLEY, J.   This s in form a judgment creditor's action to sequestrate property of the corporate defendant Ralben Holding Corporation.   It also seeks to establish statutory liability against the individual defendants, Abraham Rosenbluth and Morris Randell, for unpaid stock subscriptions.   In addition alleged fraudulent transfers of the assets of the defendant corporation to the above-named individual defendants and the defendant Abraham Randell are charged.   The complaint has been dismissed for insufficiency as to the last-named defendant.

The complaint shows that the corporate defendant is a stock corporation.   Prior to September 14, 1926, it was indebted to the plaintiff in the sum of $7,500.   On October 31, 1929, plaintiff reduced its claim to judgment in the sum of $9,314.10 by action duly brought.   Execution on this judgment was returned unsatisfied November 12, 1929.

The action in which the judgment was recovered was upon a debt or obligation of the corporate defendant and arose out of a written contract entered into between plaintiff and said defendant on March 4, 1926, and such indebtedness became due and payable to plaintiff on or about July 12, 1926.

It is alleged that the action was begun under section 70 of the General Corporation Law█ to procure a judgment of sequestration of the property of the corporate defendant and that the individual defendants are joined under the provisions of sections 75 to 79█ of the same law by reason of facts subsequently set forth.

Such facts show the respondent Rosenbluth to have been a subscriber to twenty-five shares of the capital stock of the corporate defendant of the par value of $2,500, for which he agreed, but failed, to pay.   The respondent continued to be and was a stockholder of the corporate defendant at the time of the accrual of the said indebtedness of the corporate defendant, and at the time of the commencement of plaintiff's action against such defendant and for a long time thereafter was such stockholder.

Between June 13, 1927, and August 26, 1927, all of the defendants transferred to the respondent Rosenbluth assets and money of the corporate defendant aggregating the sum of $8,505.91, and

at times subsequent to the accrual of plaintiff's indebtedness caused to be paid and transferred to him other moneys and property of such defendant, all without consideration of any kind.

Similar allegations respecting the defendant Morris Randell are also made. He was a subscriber for seventy-four shares of the capital stock of the corporate defendant at the par value of $100 a share for which he agreed, but failed, to pay. Such stock was issued to said defendant and he was likewise a stockholder when plaintiff's indebtedness accrued and when its action thereon was commenced, and still continues as such stockholder.

Between June 10, 1927, and April 28, 1928, the defendants caused to be paid and transferred to such defendant property, assets and money of the corporate defendant in the sum of $44,129.97, and also other property and assets subsequent to the accrual of plaintiff's indebtedness and all this without consideration.

A like transfer of assets, money and property of the corporate defendant was made to the defendant Abraham Randell without consideration. Each of the three individual defendants was an officer, director or stockholder at the time of such transfers; and at such time the corporate defendant had refused to pay its obligations which had theretofore become due and such defendant was not indebted to the individual defendants in any sum. The payments and transfers were made with intent to hinder, delay and defraud the creditors of the corporate defendant, and particularly the plaintiff, and such fraudulent intent was well known to and participated in by each of the defendants at the time of such transfers.

The complaint prays that the property of the corporate defendant be sequestrated and placed in the hands of a receiver to be appointed by the court, and that the proceeds of all such property be justly and fairly distributed among the fair and honest creditors of the said defendant corporation in the order and in the proportions prescribed by law; that the amounts due and unpaid by the defendants Abraham Rosenbluth and Morris Randell upon their stock be ascertained and their liability thereon adjudged, and if the property of the corporate defendant is insufficient to discharge its debts, that they be required to pay into court the amount so found due and unpaid, as provided by section 78 of the General Corporation Law, and that their liability to plaintiff under section 70 of the Stock Corporation Law be fixed and determined; that all of the alleged illegal payments and transfers set forth in the complaint be adjudged fraudulent and void as against the plaintiff; and that the individual defendants be required to account to the plaintiff and to the corporate defendant for all moneys and properties

illegally paid and transferred to them in accordance with the provisions of section 15 of the Stock Corporation Law (as amd. by Laws of 1929, chap. 653) and as otherwise provided by law, and that their liability be apportioned, adjudged and enforced.

The order of dismissal was predicated upon the view (1) that the action was brought on behalf of the plaintiff only and not for the benefit of all other creditors of the corporate defendants; and (2) that the complaint failed to show that plaintiff's debt upon which his judgment was based was contracted while the respondent was a stockholder.

While plaintiff does not specifically describe itself as suing on behalf of other creditors, many allegations of the complaint are consistent with a representative action (*MacLeod* v. *Miller*, 201 N. Y. Supp. 108) and the prayer for relief clearly so indicates. The appointment of a receiver is sought and it is asked that the property of the defendant corporation be justly determined and distributed among its fair and honest creditors according to law. While the prayer for relief may not be considered in determining whether a cause of action is stated, it is one of the essential parts of the complaint (Civ. Prac. Act, § 255; *McVey* v. *Security Mutual Life Ins. Co.*, 118 App. Div. 466), and it may be properly resorted to in determining the character of the action. We are of opinion, therefore, that the complaint when considered as a whole clearly indicates that the plaintiff is suing in a representative capacity for the benefit of all creditors similarly situated as required. (*Graeber* v. *Ehrgott*, 182 App. Div. 377.)

So, too, we are of opinion that the complaint is sufficient to show that the respondent was a stockholder at the time the debt sued upon by the plaintiff was contracted. The allegations are that he was a stockholder of the defendant corporation at the time that the plaintiff made its contract with the latter, at the time of the accrual of the indebtedness and at the time of the commencement of the plaintiff's action thereon against the corporate defendant, and that he continued to be such stockholder for a long time thereafter.

Giving to the complaint every fair intendment to which it is entitled, these allegations of indebtedness are sufficient as a statement of ultimate facts. Should respondent move for a bill of particulars and the court decide that he is entitled thereto, it might be made to appear that the liability or obligation which was the basis of the plaintiff's claim against the corporate defendant, was not of a character to constitute a debt within the purview of the statute. Moreover, such issue may further be raised by appropriate denials or affirmative allegations in the answer.

It is to be noted, too, that there are other allegations wholly apart from those seeking to establish statutory liability of the respondent. Whether the complaint may be attacked on other grounds, we are not now considering.

For the reasons already indicated we are of opinion that the complaint states a cause of action against the respondent.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days upon payment of said costs.

DOWLING, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of order upon payment of said costs.