Coastal Equipment Co., Inc., Respondent, *v.* Charles J. Herrick, as Receiver of Williamson-Howard Construction Company, and Another, Appellants.

First Department, December 28, 1934.

*Thomas O'Connor* of counsel [*Bond, Schoeneck & King* with him on the brief; *Thomas O'Connor*, attorney], for the appellants.

*Albert Levine* of counsel [*David Levine*, attorney], for the respondent.

O'Malley, J. The judgment, although entered on default, was unauthorized, in so far as it granted relief more favorable than that demanded in the complaint. It was open to attack, therefore, either by motion or in any form that the defendants might elect. (*Clapp* v. *McCabe*, 155 N. Y. 525.)

The prayer for relief demanded that the plaintiff be adjudged the owner and entitled to possession of the chattels and that they be delivered; and that in case possession could not be given, that the plaintiff have judgment for their value. Here, the judgment awarded the chattels to the plaintiff. In addition, plaintiff prayed

further for damages in the sum of $5,000. The complaint itself was devoid of any allegation of money damages.

On the trial on motion by the plaintiff to conform the pleadings to the proof, the amount of damages thus prayed for was increased and judgment was awarded in the sum of $7,565.50. This amendment to increase the amount of recovery over the original amount demanded in the complaint was ineffectual so far as the defendants were concerned. (*Clapp* v. *McCabe, supra.*)

Moreover, as the complaint itself did not plead any money damages, mere prayer for relief would not justify their recovery. (*Greenberger* v. *North Side Storage Warehouse Co.*, 170 App. Div. 887.) It is well settled that the prayer for relief is no part of the cause of action. (*Ketcham* v. *Wilbur*, 218 App. Div. 350, 351; affd., 244 N. Y. 609; *Hahl* v. *Sugo*, 169 id. 109, 114.) In the circumstances, therefore, the awarding of any damages was improper.

While the judgment provides for execution against the receiver, plaintiff's counsel upon the argument recognized the necessity to seek leave from the Federal court to proceed to collect.

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements. and the motion granted as above indicated.

MARTIN, MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted as indicated in opinion. Settle order on notice.