AGNES FOLEY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25961.)

EUGENE F. FOLEY, Claimant, *v.* THE STATE OF NEW YORK,
Defendant.
(Claim No. 25963.)

Court of Claims, November 10, 1941.

*Samuel Sapowitch* [*Ernest S. Carnes* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*John M. Dooley, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. Upon the trial claimants' counsel moved to amend the claim of Agnes Foley by increasing the amount demanded as damages from $15,000 to $35,000. He also moved to amend the claim of Eugene F. Foley by increasing the amount demanded from $5,000 to $10,000. The Attorney-General objected and decision was reserved.

We discuss the motions because they are unusual in the practice in this court in claims based on negligence resulting in personal injuries,* although in suits alleging breach of contract we have frequently granted amendments to conform to the proof, thereby increasing the amount asked for in the prayer for relief. (*Murray* v. *State of New York*, Claim No. 24923; *Street Bros. Construction Co.* v. *State of New York*, Claim No. 25386, among others [not reported officially].) Inasmuch as the prayer for relief is part of the complaint (Civ. Prac. Act, § 255; *McVey* v. *Security Mutual Life Ins. Co.*, 118 App. Div. 466), and no part of the cause of action

---

*Annual reports of the Court of Claims disclose that claimants usually demand many times the amount awarded. The same practice seems to prevail in the Supreme Court, where amounts demanded greatly exceed verdicts.

(*Coastal Equipment Co., Inc.*, v. *Herrick*, 243 App. Div. 97; *Ketcham* v. *Wilbur*, 218 id. 350; affd., 244 N. Y. 609; *Hahl* v. *Sugo*, 169 id. 109), the granting of the amendment in an action either in tort (*Knapp* v. *Roche*, 62 N. Y. 614; *Zimmer* v. *Third Ave. R. R. Co.*, 36 App. Div. 265; *Clark* v. *Brooklyn Heights R. R. Co.*, 78 id. 478, 480; *Sohman* v. *Metropolitan Street R. Co.*, 56 Misc. 342) or on contract (*Dakin* v. *Liverpool, London & Globe Insurance Co.*, 13 Hun, 122; affd., 77 N. Y. 600; *Dunham* v. *Hastings Pavement Co.*, 95 App. Div. 360; *Frankfurter* v. *Home Ins. Co.*, 10 Misc. 157) or for appropriation (*Burrows Paper Co., Inc.*, v. *State of New York*, 174 Misc. 850), is a matter of the court's discretion and is not subject to review except in case of manifest abuse. In negligence cases, however, there has been comment to the effect that no harm was done when the motion was made and argued in the absence of the jury and where the verdict did not exceed the sum originally claimed. (*Walker* v. *Bradt*, 225 App. Div. 415; *Sohman* v. *Metropolitan Street R. Co.*, *supra*; *Clark* v. *Brooklyn Heights R. R. Co.*, *supra*.) In the Court of Claims the judges are arbiters of the facts as well as the law, but we doubt not that we have power to grant the amendment in any case in order that justice may be done if the evidence should indicate that a claimant had sustained greater loss than the sum stated in his original claim.

Here we deny the motions for the reason that, as appears by opinion and decision concurrently rendered, we find the State of New York free from liability. In any event, the matter must be determined upon order and not by the adoption of a conclusion of law, as suggested by claimants' counsel in the submission of his requests to find. (Rules Ct. Claims, rule 16.) Order accordingly.