NANCY STEVENS, as Administratrix of the Estate of GEORGE STEVENS, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27979.)

Court of Claims, August 22, 1949.

*Melvel W. Snitow* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Howard F. Danihy* of counsel), for defendant.

RYAN, J. This action was brought to recover damages for the death of George Stevens while he was a patient at Manhattan State Hospital. In the claim there is no specific pleading that decedent endured conscious pain and suffering and no item of damages or demand therefor is stated. However, upon the trial claimant's counsel moved to amend the pleading to include an allegation of conscious pain and suffering and the court reserved decision on the motion. The motion is granted.

It appears from the transcript of the minutes of the trial that upon the motion of the Attorney-General the court struck from the record statements made by the decedent as testified to by the witness Lewis. However, the record is not clear that the motion made by the Attorney-General to strike out the conversation between the decedent and the witness Brown, as testified to by the latter, was granted. These conversations were hearsay and inadmissible and any to which the Attorney-General objected should be stricken out. They are disregarded.

The motion made by the claimant's counsel to conform the pleading generally to the proof is granted.

The claimant's counsel has submitted requests to find which relate to certain orders made by another judge of this court directing the examination before trial of officers and employees of the State. He proposes that we now find that the Attorney-

General or other officers of the State violated such orders. Such requests are improper in form and are refused. They are not requests for essential facts which may be deemed to have been established by the evidence. (Civ. Prac. Act, § 439.)

Upon the whole record we find that decedent George Stevens was assaulted by attendants of Manhattan State Hospital and sustained injuries which resulted in his death. From these injuries the decedent endured conscious pain and suffering for which this claimant is entitled to recover. (Decedent Estate Law, §§ 119, 120.) For this we award the sum of $3,500 without interest. (*Helman* v. *Markoff*, 255 App. Div. 991, affd. 280 N. Y. 641.)

However, claimant has failed to establish by a fair preponderance of the evidence that the decedent would have recovered his mental and physical health to a point where he could have resumed his place in the world outside of a State institution and earn his livelihood. The opinion testimony of Dr. Soltz on this point is not convincing. And although not offset by opposing medical testimony it is not conclusive. At most it is an aid to the court to be weighed with all other evidence on this issue. (*Jacobs* v. *State of New York*, 195 Misc. 128.) Except for the funeral expenses of $747.38, there can be no recovery under sections 130 and 132 of the Decedent Estate Law for the pecuniary injuries to the persons for whose benefit this action is brought. (*Grasso* v. *State of New York*, 289 N. Y. 552.)

Claimant's counsel moved to amend the claim to increase the amount of recovery demanded from $25,750 to $50,750, allocating $25,000 to conscious pain and suffering. We do not doubt that we have authority to grant such amendment. (*Foley* v. *State of New York*, 177 Misc. 450.) However, we deny the motion in this case for the reason that in respect to one cause of action our award is less than the amount originally demanded and the other cause of action is dismissed.

The motion by claimant's counsel to amend the bill of particulars was withdrawn.

Decision accordingly.