Nicholas M. Pette, J.
Plaintiff moves for a temporary injunction. Defendant F. W. Woolworth Corp. moves to dismiss the complaint on the ground that the court does not have jurisdiction over the subject matter or, in the alternative, for a stay of this action pending the outcome of two actions in the Federal court.
Defendant’s motion to dismiss the complaint is denied. The cause of action stated therein, reasonably read, is not one for infringement of a patent. True, the complaint contains allega *473 tions pertaining to a design patent for a candle trimmer which, was issued to plaintiff’s assignor (e.g., see pars, third, fourth, fifth and eleventh). It is also true, however, that the complaint contains allegations pertaining to a cause of action for unfair competition (e.g., see pars, sixth, seventh, fifteenth, NINETEENTH, TWENTY-FIRST and TWENTY-SECOND).
The complaints in each of the two Federal court actions separately state and number causes of action for patent infringement and for unfair competition and then specifically demand injunctive relief with respect to the patent infringement, an accounting and damages by reason of said infringement and treble damages because of the willful and deliberate nature of that infringement. In the instant case, however, plaintiff seeks to enjoin defendant from “ manufacturing, selling, vending, distributing, or offering for sale, the product, 1 Candle Trimmer’, as presently manufactured, wrapped, package [d], sold and distributed by the defendants ’ ’ and from 1 ‘ otherwise continuing to compete with plaintiff unfairly ”; to compel defendant to recall and remove the candle trimmer 6 ‘ from wholesalers, jobbers, retailers, and/or other outlets under their control”; and for an accounting and damages.
While not conclusive in ascertaining the character of an action, a prayer for relief, which is an essential part of a complaint (Civ. Prac. Act, § 255, subd. 3), is helpful in doing so. (Sorenson v. Keesey Hosiery Co., 244 N. Y. 73, 80; Dagood Holding Corp. v. Rosenbluth, 231 App. Div. 470, 473.) The prayer for relief in the instant case, coupled with the unfair competition allegations of the complaint referred to above, indicate, in the opinion of this court, that the patent in question is only “ incidentally or collaterally related to the controversy, [and] does not oust the state courts of jurisdiction.” (Wise v. Tube Bending Mach. Co., 194 N. Y. 272, 278.) Even if it be assumed that reference to the design patent in the instant case was more extensive than required in an action for unfair competition, “ the fact remains that it cannot be asserted with dogmatic certainty that the complaint was framed solely upon the theory of an infringement of patent rights, and upon that issue we are disposed to give the pleader the benefit of the doubt.” (Id., pp. 278-279; see, also, Condon v. Associated Hosp. Serv., 287 N. Y. 411, 413-414.)
The alternative branch of defendant’s motion, i.e., for a stay pending the outcome of the Federal court actions, is also denied. The general rule is that “ proceedings in an action pending in a state court will not be stayed until the determination of an action pending in the federal courts, where it appears that the action sought to be stayed will have to be determined no matter which *474 way the case in the federal jurisdiction is decided. ” (3 CarmodyWait, New York Practice, p. 39; cf. Admiral Corp. v. Reines Distrs., 9 A D 2d 410, affd. 8 N Y 2d 773.) Such is the situation here.
In each of the Federal court actions the unfair competition charged by plaintiff is the manufacture or sale of “ candlestick ornaments of substantially identical appearance, design and dimensions, confusingly similar to the candlestick ornaments of the Plaintiff Nated Corp. and embodying the features of nonfunctional design and appearance of said Plaintiff’s candlestock ornament ”. (Complaint, Nated Corp. v. Criterion Bell & Specialty Co., Inc., par. 15; Complaint, Nated Corp. v. Dan Brechner & Co., Inc., par. 16.) The unfair competition charged to defendants in the instant case, however, is that ‘ ‘ The exact identity of the shape, size and design of the plaintiff’s product as utilized by the said defendants and the exact identity of the shape, sise, design, pattern, explanatory material, pictorial illustration and general appearance of plaintiff’s wrapper and package, and defendants’ simulation thereof will enable the defendant wool-worth, and other defendants to pass off and sell defendants’ product to the public as plaintiff’s product, all to the detriment of the public.” (Complaint, par. twenty-second [emphasis supplied].) Not only, therefore, is the moving defendant not a party to either of the Federal court actions, but the issues in this action and those actions are not identical.
Plaintiff’s motion for a temporary injunction is also denied. Not only has it failed to show a clear right to such drastic relief, but the moving defendant’s attorney states in his affidavit of October 3,1962 that “ Actually, the fact is that F. W. Woolworth Co. has not sold any such ‘ competitive product ’ since 1961 and has no intention or plans to sell such a product in 1962 or any other time in the future.” Under such circumstances no injury, much less irreparable injury, to plaintiff is either being inflicted or threatened.