■ EDWIN KAHN, Respondent, v. WALTER J. SAMPSON, Appellant.— Judgment appealed from unanimously reversed on the law, with $50 costs to appellant, the judgment vacated, and the complaint dismissed. "A claim for unpaid alimony under a *domestic matrimonial judgment* or order cannot be made the basis for recovery in an independent action. The exclusive remedy is an application in the matrimonial action pursuant to section 1171-b [now Domestic Relations Law, § 244] of the Civil Practice Act." (*Leitman v. Leitman*, 21 Misc 2d 653, 655, affd. 9 A D 2d 682, mot. for lv. to app. den. 9 A D 2d 783; *Snow* v. *Snow*, 8 A D 2d 516; *Melchore* v. *Melchore*, 212 N. Y. S. 2d 213; *Frontuto* v. *Frontuto*, 206 Misc. 214.) Concur — Botein, P. J., Rabin, Valente, Stevens and Witmer, JJ.

■ In the Matter of the Arbitration between HARRIS J. KLEIN et al., Respondents, and WANAMAKER ASSOCIATES PROTECTIVE COMMITTEE et al., Appellants.— Order, entered on June 15, 1964, staying an arbitration proceeding, unanimously affirmed, without costs or disbursements to any party, and without prejudice to the institution of another arbitration proceeding by the parties to the original agreement. The remaining issues raised by petitioners-respondents are insubstantial. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■ MARTIN REISS et al., Appellants, v. STEPHEN J. PLATT, Respondent. — Order, entered on May 18, 1964, modifying a notice of examination so as to provide that the examination shall proceed in Bronx County, unanimously reversed, with $30 costs and disbursements to appellants, and the motion denied. (See CPLR 3110.) The examination shall be held on February 17, 1965 or on such other date as may be agreed upon by counsel. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■ MARY LAPE, Respondent, v. JOSEPH LAPE, Appellant.— Order, entered on June 15, 1964, denying defendant's application to open his default and to vacate the judgment entered against him, unanimously modified, on the law, without costs or disbursements, and the motion is granted to the extent of vacating the second decretal paragraph thereof and in place thereof inserting a new decretal paragraph directing that the plaintiff recover of the defendant and have judgment on the second cause of action in the sum of $10,000 with appropriate interest from the date of demand for the return of the chattels. The second cause of action, alleging a conversion of plaintiff's jewelry by defendant, sought as relief only a recovery of the monetary equivalent of such jewelry. In such circumstances it was improper for the court to include in the judgment a direction that the defendant return the jewelry to the plaintiff. CPLR 3215 (subd. [b]) expressly provides that upon a default the judgment entered "shall not exceed in amount or differ in type from that demanded in the complaint." Accordingly, while the court could enter a judgment for the sum of money demanded on the second cause of action, it could not enter a judgment directing the return of the property — relief not demanded in the complaint. Of course, the relief here granted being for money damages only, it may be in order to reappraise the propriety of the order of arrest. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.