**In the Matter of Nancy Carol COURBAT and Kenneth Lyle Courbat, Bankrupts.**

**Nos. 66–BK–249, 66–BK–250.**

United States District Court
N. D. New York.

July 3, 1967.

Barry R. Hill, Syracuse, N. Y., for bankrupts.

Costello, Cooney & Fearon, Syracuse, N. Y., for Beneficial Finance Co. of New York, Inc.

PORT, District Judge.

Memorandum-Decision and Order

This is a review of an order of the Referee in Bankruptcy dismissing the petition of the bankrupts to enjoin Beneficial Finance Company from proceeding further with an action pending against said bankrupts in the Supreme Court of the State of New York.

The bankrupts filed separate petitions in bankruptcy and were adjudicated bankrupts on February 14, 1966. Each bankrupt scheduled Beneficial Finance as a creditor in the sum of $886.00, secured by a chattel mortgage on a 1960 Chevrolet Station Wagon of the approximate value of $400.00 Orders discharging each bankrupt were entered on May 19, 1966, no objections having been filed to the discharge of either bankrupt.

In addition to reciting the above facts, the joint petition of the bankrupts alleged that on May 26, 1966, an action in the Supreme Court of the State of New York was commenced against them; that said action is in fact an action upon a note which was a dischargeable debt; that the damages demanded in the wherefore clause seek a judgment on the same basis as would be afforded in an action on a note; that Beneficial is using a "fraud theory to circumvent, and in contravention of the legal affect (sic) of the discharges, and the dignity of this court's order"; and that unusual circumstances are created[1] for which bankrupts have no adequate remedy in the state courts, as a result of which they are being wrongfully subjected to undue harassment, disproportionate trouble, embarrassment and expense.

Attached to the petition is the complaint in the Supreme Court action, which incorporates as exhibits the note forming the basis of the debt listed as due Beneficial Finance and a financial statement executed by Kenneth Courbat in connection with the application for said loan. Schedule A–2 and the discharge in each case are also attached to the petition. The petition was brought on for hearing by an order to show cause, returnable before the Referee on July 26, 1966.

Upon the return of the order to show cause, the bankrupts and Beneficial Finance appeared by attorneys. On motion of Beneficial the petition was dismissed by order dated August 5, 1966. This was timely followed by a petition to this court to review the Referee's order.

The petitioners complain that the Referee erred in dismissing the petition, because he failed to specify the grounds for his action and he took such action even though Beneficial did not deny or refute the allegations in the petition before the Referee. The Referee's certificate recites that no findings of fact or conclusions of law were made because the petitioners on the hearing before him "refused to offer any evidence or proof to sustain the allegations of * * * [the] petition and relied only on the pleadings."

The complaint in the state court alleges two causes of action. The first sets forth a claim against both petitioners based upon the nonpayment of the note. The second alleges a cause of action against the petitioner Kenneth Courbat, and is clearly based on a claim of fraudulent representations. This cause of action sets forth all of the elements of a cause of action for fraud.

The petitioners argue that Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) gives the Referee the authority to grant the relief sought. They also cite language from State Finance v. Morrow, 216 F.2d 676 (10th Cir. 1954) and Matter of Forgay, 140 F.Supp. 473 (D.Utah), aff'd 240 F.2d

---

1. There is no factual support for this conclusory allegation of unusual circumstances.

18 (10th Cir.), cert. denied, 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957) in support of their argument that such relief should be granted in their case. Both of these latter citations are distinguishable. In each of them the court found that the action in the state court with which it was dealing was an action on a discharged debt, i. e. a note. In those cases, the court in addition found extraordinary circumstances appealing to the exercise of its equitable jurisdiction.

■■ The applicable law is well stated in 1 Collier, Bankruptcy 317 et seq. (14th ed. 1966) as follows:

> After an order of discharge had been entered, a situation may arise where the bankrupt is peculiarly handicapped in asserting in a non-bankruptcy forum his defense of discharge against the suit of a creditor who claims his debt to be non-dischargeable. Where such unusual and compelling circumstances exist that the bankrupt is inadequately protected by his remedy in the non-bankruptcy tribunal, the bankruptcy court as a court of equity is said to have ancillary jurisdiction to protect and give effect to its decree and to accord the bankrupt equitable relief by way of an injunction issued against the proceedings in the non-bankruptcy forum. This doctrine was established by the Supreme Court in the case of Local Loan Co. v. Hunt, [292 U.S. 234, 54 S. Ct. 695, 78 L.Ed. 1230] and must now be regarded as settled. But it is equally well settled that the jurisdiction thus authorized is only to be exercised in the case of "unusual circumstances * * * where special embarrassment arises"; and where there is no showing that the bankrupt has an inadequate remedy in the non-bankruptcy court, relief will be denied. Hence it is clear that the ancillary jurisdiction envisioned by Local Loan Co. v. Hunt is strictly limited to instances of insufficient remedy invoking a right to equitable relief; it does not extend to or contemplate a *general* jurisdiction in the bankruptcy

court to determine, upon application, the dischargeability of claims or to enjoin the enforcement of claims in other courts regardless of the bankrupt's remedy.

■ The petitioners herein have the right to assert their discharge in bankruptcy as an affirmative defense in the state court action. That court has full power to pass on the validity of such defense. See Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904).

In fact, Beneficial concedes in its brief "there is no question but that liability on the note would be discharged in bankruptcy and that properly pleaded, petitioners' discharges in bankruptcy would be a defense to the first cause of action." The second cause of action in Beneficial's complaint, as indicated, is directed against Kenneth Lyle Courbat only, on the basis of the alleged misrepresentation contained in his financial statement given to Beneficial. Beneficial's failure to establish all of the elements of the non-dischargeable action in fraud would, of course, result in a dismissal or no cause as to that claim.

■ Under the circumstances, no purpose would have been served by Beneficial raising the question in the Bankruptcy Court. A false financial statement of the type alleged here would not prevent a discharge in bankruptcy in the case of a non-business debtor; there is no suggestion by the bankrupts that they were commercial debtors. 11 U.S.C. § 32 (c) (3). There is a clear distinction between the right to a discharge in bankruptcy and the effect of such discharge. In re Bell, 212 F.Supp. 300 (E.D.Va. 1962). Beneficial sought the only available forum in which its claim might be completely enforced. See in re Gadansky, 249 F.Supp. 114 (E.D.N.Y.1965).

■ The petitioners argue that the demand for judgment against Kenneth in the fraud action is the same as the demand against the defendants in the action on the note and that this clearly indicates that the action against Kenneth is on the

note and not on fraud. It is not necessary to dwell on this contention. "The prayer for relief * * * forms no part of the cause of action. The character of * * * actions must be determined by the facts alleged in the complaints." Ketcham v. Wilbur, 218 App.Div. 350, 218 N.Y.S. 254 (1926), aff'd 244 N.Y. 609, 155 N.E. 918 (1927). See also New York C.P.L.R., § 3017(a).

The determination of the Referee is correct and should be affirmed. See Ciavarella v. Salituri, 153 F.2d 343 (2d Cir. 1946); see also Fallick v. Kehr, 369 F.2d 899, 901–903 (2d Cir. 1966) and Hilton Credit Corporation v. Jaggli, 366 F.2d 793 (9th Cir. 1966).

For the reasons stated herein, the order of the Referee dated and filed August 5, 1966 dismissing the petition herein is hereby adopted and confirmed.

So ordered.