**In the Matter of Raymond Conrad POTTER, Bankrupt.**

**In the Matter of Lorraine Ann POTTER, Bankrupt.**

Nos. 8595, 8596.

United States District Court,
D. Wyoming.
July 28, 1972.

Philip White, Cheyenne, Wyo., for Bankrupts.

Bernard E. Cole, Cheyenne, Wyo., for creditor Postal Finance Co.

## MEMORANDUM OPINION

KERR, District Judge.

This action arises from a petition for review filed by Raymond Conrad Potter and Lorraine Ann Potter, Bankrupts, seeking discharge on a debt owed to Postal Finance Company.

The bankrupts, husband and wife, each filed voluntary petitions for bankruptcy on October 6, 1971. The Postal Finance Company filed an application to determine dischargeability of a debt owed it in the amount of $630.12. The matter was heard before the Referee in Bankruptcy who then filed a memorandum which, in effect, concluded the debt owed to Postal Finance Company was not dischargeable pursuant to Clause (2), Section 17(a) of the Bankruptcy Act. The Referee then filed an order on May 15, 1972, declaring the debt to be nondischargeable. Subsequent to the filing of the Referee's memorandum but prior to the filing of his order, bankrupts filed a petition for review praying that a certificate of bankruptcy be entered and that they be discharged as to their debt with Postal Finance Company.

The issue presented here is whether the debt owed to Postal Finance Company by bankrupts is dischargeable in bankruptcy.

A matter to be settled first concerns the discharge in bankruptcy of the Potters. The law applicable to this point is stated in 11 U.S.C. § 32(c). In 1960 this section was amended by adding the following italicized words:

"(c) The Court shall grant the discharge unless satisfied that the bankrupt has * * *

"(3) *while engaged in business as a sole proprietor, partnership, or as an executive of a corporation,* obtained for *such business* money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false state-

ment in writing respecting his financial condition *or the financial condition of such partnership or corporation*; \* \* \*". 11 U.S.C. § 32(c) as amended.

The policy reasons for the amendment are clearly set forth in the legislative history of the amendment. It is stated in Senate Report No. 1688 that "The purpose of the bill is to limit the use of false financial statements as a bar to discharge in bankruptcy".[1] The report goes on to state " \* \* \* that complete denial of a discharge is too severe a penalty in the case of the individual noncommercial bankrupt". This is true because "unscrupulous lenders have frequently condoned, or even encouraged, the issuance of statements omitting debts with the deliberate intention of obtaining a false agreement for use in the event that the borrower subsequently goes into bankruptcy". See also In Re Butler, 425 F.2d 47 (3rd Cir. 1970).

A footnote found in the Tenth Circuit opinion of Clancy v. First National Bank of Colorado Springs, 408 F.2d 899 (10th Cir. 1969), states " \* \* \* [P]rior to that amendment, farmers, wage earners, retired persons, and many others were subjected to the harsh penalty of a denial of discharge as to all debts if they made a false financial statement as to a wholly non-commercial matter".

The Court in trying to determine whether the bankrupt was engaged in business within the meaning of the amendment, cites a Virginia federal court for the proposition that the one engaged in business means one who " \* \* \* is with regularity engaged in buying, selling and trading". It is without question that the bankrupts involved in the proceedings before this court are not engaged in business. The Referee, furthermore, made no finding to that effect. Bankrupts, in particular Mr. Potter, was a wage earner and did not obtain for a business, " \* \* \* money, property, or credit by making a false financial statement regarding his own financial condition or the condition of \* \* \* [a] \* \* \* business". In Re Butler, supra. It is clear therefore that the bankrupts are entitled to discharge in bankruptcy pursuant to the above quoted statute.

With regard to the discharge of the debt owed Postal Finance Company, the applicable statute is 11 U.S.C. § 35(a) (2). This statute states that a discharge in bankruptcy will " \* \* \* release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as \* \* \* (2) \* \* \* obtaining money or property on credit \* \* \* in reliance upon a materially false statement \* \* \* ". In effect this provision, together with Section 32(c), allows a bankrupt to be discharged from liability on all debts except those incurred through the use of false financial statements or incurred in other ways not mentioned here.

The case of In re Courbat, 274 F. Supp. 1 (D.C.N.Y.1962), involved essentially the same circumstances as does the present case. There the allegedly defrauded creditor brought a two count suit in state court, one count alleging fraudulent misrepresentation. The Court stated " \* \* \* [A] false financial statement of the type alleged here would not prevent a discharge in bankruptcy in the case of a non-business debtor; \* \* \* ". The Court went on to say "Under the circumstances, no purpose would have been served by \* \* \* [the creditor] raising the question in the Bankruptcy Court".

It was finally stated " \* \* \* [T]here is a clear distinction between the *right* to a discharge in bankruptcy and the effect of such discharge". (Emphasis supplied)

It is the opinion of this Court that the bankrupts are entitled to discharge in bankruptcy on all debts with the excep-

---

1. 1960 U.S.Code Cong. & Admin.News, Vol. 2 at pp. 2954–2956.

tion of the debt owed Postal Finance Company, which is held to be non-dischargeable.

An order will be entered according to the above holdings.