■ RONALD P. STANFORD et al., Plaintiffs, v LAVERNE VAN SKIVER, Defendant and Third-Party Plaintiff-Respondent. ROY F. PATTERSON, Third-Party Defendant-Appellant.—Order denying motion to open default judgment against third-party defendant Patterson unanimously modified, with costs to appellant, motion granted in accordance with memorandum and, as modified, affirmed. Denman, J., not participating. Memorandum: Plaintiffs Stanfords brought action against defendant Van Skiver for breach of warranty of title to real estate, on the ground that defendant owned less than four acres of the six-acre parcel described in his deed to plaintiffs, and they asked for damages in the sum of $3,150 plus interest and costs. Van Skiver answered; and he then brought a third-party action against third-party defendant Patterson, from whom he had bought the property, referring to the Stanford complaint and demand therein for $3,150 plus interest and costs, and he asked for judgment over in such amount. Patterson defaulted. Upon the trial of Stanfords' action against Van Skiver the court permitted the plaintiffs to amend the complaint to increase the amount of damages by the sum of $1,959, including the sum of $1,000 for counsel fees, without objection from Van Skiver's attorney. The court then granted Stanfords' judgment against Van Skiver for $3,150 plus $1,959, amounting to the sum of $5,109 plus interest and costs totaling $5,431.80. Upon Van Skiver's motion the court then granted judgment by default in the third-party action against Patterson in the sum of $5,431.80 plus $1,000 additional counsel fees and $50 costs, totaling $6,481.80. Shortly after entry of the latter judgment, it was brought to Patterson's attention and he promptly moved to vacate it. He alleged that he had taken the summons and complaint therein to a lawyer to defend him but the lawyer failed to do so. He did not allege a meritorious defense; and the court denied his motion with leave to renew it upon showing a meritorious defense and more substantial evidence that his default was inadvertent. He renewed his motion without showing reason for his default or a meritorious defense, except to allege that as a matter of law the trial court erred in granting the two $1,000 counsel fees in the two

actions. We construe the motion as only to modify the default judgment against Patterson to delete the increased demands, including counsel fees included therein (see *Coastline Equip. Co. v Herrick,* 243 App Div 97). There was no allegation either in the original complaint or in the third-party complaint that the defendant or third-party defendant had agreed to pay counsel fees or that by reason of fraud plaintiff was entitled to counsel fees; and, therefore, as a matter of law the trial court erred in awarding them (*Avalon Constr. Corp. v Kirch Holding Co.,* 256 NY 137, 145; *Matter of Tucker v Toia,* 64 AD2d 826; *Regan v Lanze,* 47 AD2d 378, 384, revd on other grounds 40 NY2d 475; *Michigan Ave. Nat. Bank v Zion,* 43 AD2d 537; CPLR 5239). Moroever, since Patterson had defaulted and had received no notice of the inclusion of the $1,959 in the original complaint by amendment or of the requested amendment of the third-party complaint to include the request for $1,000 counsel fees in that action, the court had no jurisdiction to amend the third-party complaint or to grant judgment by default for more than $3,150 plus interest and costs (CPLR 3215, subds [a], [b]; *Lape v Lape,* 23 AD2d 539; *Sivakoff v Sivakoff,* 280 App Div 106; *First Nat. City Bank v Elsky,* 62 Misc 2d 880; Siegel Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3215.10, p 869). The failure of Van Skiver to object to the court's action in granting the motion of plaintiffs Stanfords to increase the award of damages by the sum of $1,959 (including $1,000 counsel fees) to conform to the proof and his failure to appeal from the judgment entered thereon, all without notice to third-party defendant Patterson, barred Van Skiver from amending his third-party complaint to include such increased damages on entry of default judgment. The judgment entered by default against Patterson, therefore, improperly included the $1,959 increase in the amount of damages in the Stanford action against Van Skiver and improperly included the allowance of counsel fees in the third-party action. The judgment in the third-party action is, therefore, amended to delete therefrom the items of $1,959 and any interest added thereon in the Stanford judgment and the $1,000 counsel fees awarded to Van Skiver, and the order appealed from is modified to provide therefor, and otherwise affirmed. (Appeal from order of Steuben Supreme Court—vacate default judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.