■ In the Matter of KAREN DELGADO, Respondent, v DUANE HOWELL, Appellant.—In a support proceeding, the appeal (by permission) is from an order of the Family Court, Rockland County, dated July 11, 1979, which denied appellant's motion to vacate an order of the same court, dated October 30, 1978, directing appellant to pay accrued medical expenses of $1,035.69 within 30 days. Order reversed, on the law, without costs or disbursements, motion granted, order dated October 30, 1978 vacated and matter remitted to the Family Court, Rockland County, for a new hearing and determination in accordance herewith. Pursuant to a separation agreement, which survived a divorce decree obtained by the petitioner against the appellant on the ground of cruel and inhuman treatment, appellant was obligated to pay petitioner child support of $20 per week per child and to pay all medical, hospital and dental expenses. Petitioner filed an application for an upward modification of child support and to compel payment of certain medical expenses. Appellant filed an answer and amended answer. Thereafter, petitioner withdrew her petition insofar as it sought to increase child support but continued the enforcement proceeding. Appellant's request for an adjournment of a fact-finding hearing, on the grounds that he had to escort his mother to Florida and his counsel had other court commitments on that date, was denied. The hearing was held in the absence of both the appellant and his attorney. At the outset of the hearing, petitioner's counsel moved to amend the petition to increase the amount of medical expenses demanded from $241.84 to $1,035.69 based upon additional medical expenses incurred since the date of the petition. The court permitted the amendment and at the conclusion of the hearing entered an order of enforcement, directing appellant to pay $1,035.69 for medical expenses. It was error to grant petitioner's motion to amend the petition in the absence of notice to the appellant. The court had no jurisdiction to amend the petition or to grant a judgment by default for more than the original amount demanded (see *Stanford v Van Skiver,* 64 AD2d 868; *Matter of Silvestris v Silvestris,* 24 AD2d 247). Consequently, the matter should be remitted to the Family Court for a new hearing and determination. Mollen, P. J., Damiani, Gibbons and Martuscello, JJ., concur.