■ In the Matter of Barbara Mazie, Respondent, v Arnold Mazie, Appellant.—In a support proceeding, the former husband appeals from an order of the Family Court, Rockland County, dated September 7, 1979, which, *inter alia,* (1) denied his motion to vacate a prior order of the same court, entered upon his default on October 3, 1978, which awarded the petitioner (his former wife) the sum of $3,286.20 as arrears in the payment of alimony, child support and related expenses and (2) upon the denial of his motion, granted the petitioner leave to enter judgment against him in the amended amount of $2,866.20. Order reversed, on the law, without costs or disbursements, motion to vacate granted and case remitted to the Family Court for further proceedings in accordance herewith. In March of 1978, appellant's former wife petitioned the Family Court for an order enforcing that portion of their separation agreement (as incorporated but not merged into the judgment of divorce) which related to her alleged right to an automatic increase in the amount of alimony and child support, and more specifically seeking the sum of $421.20 as arrears. Subsequently, and after the appellant had already paid her the sum of $420, petitioner's attorney declined to withdraw the petition on the stated ground that the recovery of certain additional expenses would be sought at the same time. However, the petition was apparently never amended nor was the husband apprised of the exact nature and extent of said "additional expenses". A hearing was held at which the appellant did not appear, whereupon an order was entered fixing the arrears at $3,286.20. Said amount concededly included the sum of $421.20 set forth in the petition (and already largely paid), but clearly its largest part was comprised of the afore-mentioned additional expenses, i.e., extraordinary medical and educational expenses incurred on behalf of two of the parties' children. When the appellant sought to vacate his default, his motion was denied, except that he was given a credit for the $420 which he had paid to his former wife prior to the return date of the motion which had fixed the arrears. This appeal followed. Under the circumstances of the

instant case, we hold that the Family Court erred in the first instance in awarding the petitioner any sums in excess of the amounts demanded as arrears in the payment of periodic alimony and child support, as a judgment or order entered, as here, upon a default in appearing may not include any relief in excess of that demanded in the underlying pleadings or where appropriate, in a summons and notice served in accordance with CPLR 305 (subd [b]) (CPLR 3215, subd [b]; see *Stanford v Van Skiver,* 64 AD2d 868, 869; *Lape v Lape,* 23 AD2d 539; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:10, p 869). Thus, although the appellant may have been aware of the fact that certain "additional expenses" would be sought at the hearing, he apparently was never informed of their exact nature nor was he apprised of the fact that an additional $2,700 in extraordinary medical and educational expenses would be requested. Moreover, since he had already paid virtually the entire amount demanded in the petition, and since he had never been served with any papers requesting an amendment thereof (cf. CPLR 3025), it is quite possible that he may have concluded that the hearing itself was academic. In any event, upon his default in appearing, any award in excess of the sums demanded in the petition should not have been made (see *Stanford v Van Skiver, supra).* While recovery of the "additional expenses" should properly be sought in a separate proceeding, it is our view that given the appellant's request that he merely be accorded a hearing thereon, the commencement of a separate proceeding will not be necessary. Appellant must, however, be accorded a hearing at which he may contest his liability for the sums awarded in excess of the amounts representing the arrears in the periodic payment of alimony and child support. Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.