OPINION OF THE COURT
Louis C. Benza, J.
By order filed in the clerk’s office on December 9, 1991 (Rodriguez v State of New York, Ct Cl, Benza, J. [claim No. 83907, mot No. M-44935, cross mot No. CM-44967]) the court denied claimant’s cross motion to amend his claim and granted the State’s motion to dismiss the claim unless, within 30 days of service of the order, claimant made "another motion to amend his claim pursuant to CPLR 3025 (b), with the proper documentation attached.”
Claimant’s claim fails to comply with section 11 of the *364 Court of Claims Act, which requires that the accrual date of the claim be specified in the claim. He thus has failed to allege sufficient facts to demonstrate that the claim has been duly filed and served within 90 days of accrual as required by sections 10 and 11 of the Court of Claims Act. This is the reason the claim was conditionally dismissed (Court of Claims Act §§ 10,11).
In his motion papers, claimant states that the claim accrued on May 31, 1991, as stated in his notice of intention to file a claim. However, claimant has failed to attach a proposed amended claim to his motion papers, and, in his affirmation in opposition to claimant’s motion, defendant’s counsel asserts that the motion must be denied based upon claimant’s failure to do so.
CPLR 3025 (b) provides that leave to amend shall be freely given upon such terms as are just. This phrase has consistently been interpreted to mean that in the absence of prejudice or unfair advantage, leave to amend should be freely given (see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755; Town of Thompson v Alleva, 76 AD2d 1022).
The State has not referred the court to any case law which requires that the proposed amended claim be attached to the motion papers. The court has reviewed CPLR 3025 as well as the Court of Claims Act and the Uniform Rules for the Court of Claims, and found no requirement therein that the proposed amended claim be attached to the motion papers though it appears to have been the practice to do so (see, Barry v Niagara Frontier Tr. Sys., 38 AD2d 878; Goldner Trucking Corp. v Stoll Packing Corp., 12 AD2d 639).* However, where the proposed amendment is purely formal, or where it is of a character which does not affect the issues, it is sufficient to set out the exact language of the proposed amendment in the notice of motion and it is not necessary to serve a copy of the proposed amended pleading with the motion papers, for the adverse party and the court are thus just as fully advised of the exact terms of the entire proposed amended pleading as if one had been served with the notice of motion (6 Carmody-Wait 2d, Amendment of Pleadings § 34:29; see also, McVey v *365 Security Mut. Life Ins. Co., 118 App Div 466). Here, we are dealing with a pro se claimant who specified the accrual date in his notice of intention but, apparently, inadvertently omitted the date from the claim. He has provided the date in his motion papers and, thus, the court and the State are as fully advised of the terms of the proposed amended pleading as if one had been attached to the papers. Furthermore, the State has failed to allege prejudice if the amendment is granted.
Therefore, based upon the foregoing, the claimant’s motion to amend his claim is granted on the condition that, within 30 days of the date of entry of this order, he serve his amended claim upon the Attorney-General by regular mail (see, CPLR 2103 [b]; Rohany v State of New York, Ct Cl, Weisberg, J. [claim No. 76737, mot No. M-40472, filed Aug. 29, 1989]; Smith v State of New York, Ct Cl, NeMoyer, J. [claim No. 73171, mot No. M-42088, filed May 8, 1990]) and file the amended claim, with an affidavit of service attached, with the court.

 Rule 12 (b) of the former Rules of the Court of Claims as amended in 1981 did provide that the proposed amended claim be attached to the motion papers. However, when the rules were revised in 1986, this provision was deleted. The present rule (22 NYCRR 206.7 [b]) requires only compliance with CPLR 3025.